HENRY FERA, Respondent *v.* DANIEL H. WICKHAM et al., Appellants.

Where no right of set-off exists when an assignment by an insolvent debtor for the benefit of creditors is made, it cannot arise afterwards in favor of one indebted to the insolvent estate who is also a creditor.

Where therefore, among the assets transferred by such an assignment, was a demand against one who at the time the assignment was made held a demand against the assignor which had not then matured, *held,* that he was not entitled to a set-off; and this, although his claim against the estate matured before that against him.

*Rothschild* v. *Mack* (42 Hun, 72), overruled.

*Rothschild* v. *Mack* (115 N. Y. 1); *Richards* v. *La Tourette* (119 id. 54); *Lindsay* v. *Jackson* (2 Paige, 581); *Chance* v. *Isaacs* (5 id. 592); distinguished and explained.

*Feaa* v. *Wickham* (61 Hun, 343), reversed.

(Submitted June 3, 1892; decided October 4, 1892.)

APPEAL from judgment of the General Term of the Supreme Court, in the first judicial department, entered upon an order made October 19, 1891, which affirmed an interlocutory judgment in favor of plaintiff, entered upon a decision of the court on trial at Special Term, overruling a demurrer to the complaint.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Hess, Townsend & McClelland* for appellants. A claim of a creditor of the assignors under a general assignment will

not be allowed as a set-off against a claim of the assignors against him, the former maturing first, but neither maturing until after the execution and delivery of the general assignment. (*Myer* v. *Davis*, 22 N. Y. 493; *Martin* v. *Kunzmuller*, 37 id. 396; *Schieffelin* v. *Hawkins*, 14 Abb. Pr. 115.)

*Goldsmith & Doherty* for respondent. It must be conceded that if D. H. Wickham & Co. had not assigned, but held the notes until their acceptance had become due, the plaintiff could have maintained this action, for he would be at liberty to waive the unexpired credit and elect to make his debt to Wickham due *in presenti*. (*Lindsay* v. *Jackson*, 2 Paige, 581.) The power of courts of equity to decree set-off of mutual demands in cases of the insolvency of one of the parties, exists irrespective of the statute, and it will always be exercised where justice requires it. (*Holbrook* v. *A. F. Ins. Co.*, 6 Paige, 220; *Richards* v. *La Tourrette*, 119 N. Y. 54; *Smith* v. *Felton*, 43 id. 419; *Davidson* v. *Alfaro*, 80 id. 660.) It is immaterial that the demands become due after the acts of insolvency. (*F. T., etc., Co.* v. *M. Bank*, L. R. [9 App. Cas.] 108; *Stewart* v. *Anderson*, 6 Cranch. 203; *Merrill* v. *Souther*, 6 Dana, 305; *Coates* v. *O'Donnell*, 16 J. & S. 46; 94 N. Y. 168; Waterman on Set-off, § 132; *Chance* v. *Isaacs*, 5 Paige, 592; *Rothschild* v. *Mack*, 42 Hun, 72; *Chenault* v. *Bush*, 84 Ky. 528; *Brooks* v. *Cannon*, 9 N. Y. S. R. 506.) The assignee for the benefit of creditors does not stand in any better position than his assignor. (*Smith* v. *Felton*, 43 N. Y. 419; *Littlefield* v. *A. Bank*, 97 id. 581; *A. S. Bank* v. *Tartter*, 54 How. Pr. 385; *Jones* v. *Robinson*, 26 Barb. 310.) The case is one of mutual credits, and in all such cases equity decrees a set-off of one demand against the other where one of the parties becomes insolvent, if the debt due from the insolvent matures before the debt due to the insolvent. (*Rose* v. *Hart*, 2 Smith's L. C. [9th ed.] 1588; *Jones* v. *Robinson*, 26 Barb. 210; *Brooks* v. *Cannon*, 9 N. Y. S. R. 506; *Martin* v. *Kunzmuller*, 37 N. Y. 396; *Bradley* v. *Angel*, 3 id. 477.)

Defendants' liability on the original indebtedness always continued. (*Graham* v. *Negus*, 8 N. Y. Supp. 679.)

GRAY, J. The firm of Wickham & Co., having become insolvent, made a general assignment for the benefit of their creditors. On October 27, 1890, at the time of this assignment, the plaintiff held their unmatured acceptance of a draft to the amount of $1,390.60 for goods sold. The assignee became by the assignment the holder of a promissory note made by the plaintiff to Wickham & Co.'s order for $536.25. The accepted draft was payable November 6, 1890, and the plaintiff's note was payable on June 9, 1891.

The plaintiff has brought the present action to secure an equitable offset of the debt to him from the insolvent estate, as against the debt due by him. Upon the defendant's demurrer to his complaint, the courts below have held the relief within the power of a court of equity to award, and, therefore, gave plaintiff judgment. In the opinions, delivered at the Special and General Terms of the Supreme Court, the learned justices relied upon the decision in *Rothschild* v. *Mack* (42 Hun, 72). The opinion of the General Term of the fifth department in that case was affirmed by this court, as to the correctness of the conclusion arrived at. (115 N. Y. 1.) But the appeal was not decided in this court on the ground taken by the General Term in their opinion, but, solely, because a cause of action on contract did exist in the complainant's favor against the insolvent assignor at the time of the assignment. The learned justices below, in the present case, have felt themselves constrained, apparently, to follow the decision in the fifth department; inasmuch as in this court, in the *Rothschild* case, the correctness of the General Term views was not expressly denied.

It must be conceded that the opinion of this court in the *Rothschild* case seemed to leave open for further discussion the question passed upon by the General Term; namely, of the right to an equitable offset where, at the time of the assign-

ment, the party was only contingently liable. It was the opinion there that the general rule in equity should obtain, if the liability of the insolvent estate had become actual prior to the time of the maturity of the demand due to the estate. This view, however, I think to be untenable, if we are to be guided by the authority of previous decisions in this court. In the *Rothschild* case, neither plaintiffs' claim on the note, nor the assignee's claim against them, were due at the time of the assignment, but, because of the fraud practiced upon the plaintiffs, in the manner in which the moneys were obtained from them, it was held that a cause of action in assumpsit arose at once in their favor for the recovery back of the moneys. It existed the moment the insolvent assignors obtained the money, and being a proper subject of set-off, in any action which might have been brought by the parties against whom it existed, it could properly be offset against the debt due from the plaintiffs to the assignee, *pro tanto.*

The subsequent case of *Richards* v. *La Tourette* (119 N. Y. 54) was that of an action by the assignee of an insolvent firm to foreclose a mortgage. The defendant demanded that the assignee set off, in reduction of his indebtedness upon the mortgage, the indebtedness due from the assignors to him. The particular and only question presented was whether, as the defendant's debt upon the mortgage was not due at the time of the assignment, the debt owing to him from the assignors, and which was due at that time, could be equitably applied in reduction of the mortgage debt. The right to the offset was upheld because of the immateriality of the fact that the debt owing to the insolvents was not due when the assignment was made. The debtor to the insolvents could elect to treat his debt as presently due, and waive any defense on any such ground.

Where this case differs from the *Rothschild* case is that there was no cause of action in favor of the plaintiff at the time of the assignment. The question here is whether the plaintiff has an equitable right to an offset of his demand against the insolvent estate, which had not matured at the

time of the assignment, but which did subsequently mature before the demand held by the assignee against him matured. In the solution of this question, we might find some embarrassment in endeavoring to reconcile expressions of opinion by the judges in earlier cases, and, after a very careful consideration, I am disposed to hold that by an assignment in trust for the assignor's creditors, what natural equities previously existed become suspended by an intervention of the rights of other creditors. The natural equity in offsetting cross-demands, which had its rise in the rule of the civil law, was soon adopted by the Court of Chancery in cases where, from the situation of the parties, cross-actions at law were inadequate. Hence, if one of the parties should become insolvent, the insolvency was recognized as presenting a case for equitable interference. But the rule was limited in its application to cases where the equitable rights of others were not interfered with.

Thus, in *Lindsay* v. *Jackson* (2 Paige, 581), the bill was filed to restrain the defendants from negotiating complainant's notes to others and for a set-off of cross-demands, and the insolvency of the defendants was considered a sufficient reason for permitting an offset of their debt to complainant as against the complainant's debt to them.

But in *Chance* v. *Isaacs* (5 Paige, 592), which was a similar action to that of *Lindsay* v. *Jackson*, the relief of set-off was denied by the vice-chancellor, because an assignment had been made, under which the creditors of the insolvent party acquired an interest in the complainant's notes before his demand against the defendants had matured. His decree was affirmed. It is true that the chancellor in that case thought that the right of set-off would have existed, although the defendants' note, upon which complainant was liable as indorser, was not due at the time of the assignment, if the complainant had held it. He regarded the fact that complainant did not hold the note at that time as precluding him from demanding a set-off. The remark referred to in the opinion in *Chance* v. *Isaacs* does not seem to me to have been regarded as controlling in

later cases. It was unnecessary to the decision there and I think we must refuse to be guided by it.

In *Bradley* v. *Angel* (3 N. Y. 475), the complainants owed defendant's testator for goods purchased. They held his notes falling due at times subsequent to his decease. A suit was commenced against them for their indebtedness to the estate and they commenced this action to secure an offset of the testator's unmatured notes as against their present indebtedness and to restrain the action at law. Judge GARDINER, in holding that a set-off could not be permitted, on the ground that the testator's contract could not be changed by compelling payment before maturity, assigned as a reason that it would be to the prejudice of other creditors. Thus, the plaintiffs were obliged to pay their indebtedness to the estate, though holding the testator's notes which they were not permitted to have set off.

In *Myers* v. *Davis* (22 N. Y. 489), the action was by an assignee to recover on a claim against the defendants for goods sold to them by his assignors. At the time of that transaction the defendants were manufacturing certain wares upon the assignors' order, and at the time of the assignment the order was yet unfilled. When finished the price exceeded the amount which they owed to the insolvent estate. The demand against them, because of the terms of credit on which the goods had been sold to them, did not become due until some time after they had filled the order of the assignors and had become entitled to be paid. The defendants asked to have allowed, upon what the assignee claimed from them, the amount of the claim which they held against the estate in his hands. A set-off was refused and Judge DENIO, after remarking that there was no relation between the claims of the respective parties other than that which always exists between persons having reciprocal demands against each other, stated the rule thus : " That when such claims exist in a perfect condition at the same time, either party may insist upon a set-off. So, where the one claiming a set-off has a demand against the other presently payable, and the other party is insolvent, the

former may claim to have the set-off made, though the demand of his adversary against him has not become payable. But if, before the demand of the party claiming the set-off becomes mature, the opposite claim has been assigned, whether the assignment carries the legal or only an equitable title, the right of set-off no longer exists."

In *Martin* v. *Kunzmuller* (37 N. Y. 396) the action was by an assignee to recover for goods sold by the assignors, and the defendants were not permitted to offset the amount of a note of the assignors held by them and which matured after the assignment. Davies, Ch. J., in his opinion in the case, held, on the authority of *Myers* v. *Davis*, that "the debt not matured could not be subject to a set-off against the plaintiff." Judge Davies, in support of his opinion, refers to *Chance* v. *Isaacs* (*supra*), but only to the vice-chancellor's decision; regarding the decision of the chancellor on appeal as the mere affirmance of the decree. The point, as I take it, in the vice-chancellor's opinion, and as Judge Davies also seemed to consider, was that the creditors under the assignment had acquired an interest in the complainant's notes before he had become liable on the assignor's note. The principle upon which the decisions were based was, as stated in Judge Parker's opinion in *Martin* v. *Kunzmuller*, that the assignee takes the contract assigned to him, subject to the right of set-off, which the debtor had against it at the time of the assignment.

In other words, if there is no right of set-off when an insolvent assignment is made, it cannot arise afterwards in favor of a creditor. Cross-demands, which do not mature until after such an assignment, could not have been the subject of set-off when the assignment was made; for a demand *in presenti* is necessary to an allowance by way of set-off.

I think the logical and natural extension of the principle of the decision in *Myers* v. *Davis* is authoritative in the decision of the present case. The right of set-off must attach at the time of the making of the assignment. It cannot arise afterwards, for the reason that the claim in favor of the estate has passed to the assignee, and to allow a set-off would be to the

prejudice of other creditors. I think the principle to which we should adhere is this: When a party asks to have set-off against a demand upon him held by an assignee for the benefit of creditors, a claim against the insolvent estate, it will be allowed, provided his was a claim upon the estate due when the assignment was made; upon the ground that, by reason of the existence of cross-demands at the time of the assignment, which were due (or might have become due at the creditor's election), an equitable adjustment by set-off is made without interfering with the equities of others. But after the estate has passed to an assignee upon a trust to hold for and to distribute among creditors, the former and natural equity disappears in superior equities vesting in the general body of creditors. They are then interested in having equality of distribution, and if a creditor who, when the assignment was made, had no right to any offset, may be allowed it afterwards, he gains a preference. By the intervention of the rights of third persons, under the assignment, the equities change with the change in the situation of the original parties; to the misfortune of the creditor holding the demand against the insolvent estate, but, nevertheless, in accordance with equitable principles, as I deduce them from the decisions.

The order and judgment below should be reversed and judgment should be ordered for the defendants upon the demurrer, dismissing the complaint of the plaintiff, with costs in all the courts.

All concur.

Judgment accordingly.