(9 Misc. Rep. 245.)

### HALL v. HOLLAND HOUSE CO. [1]

#### (City Court of New York, Trial Term. June, 1894.)

SET-OFF AND COUNTERCLAIM—AGAINST RECEIVER OF INSOLVENT CORPORATION.
　　In an action by the receiver of an insolvent corporation, defendant cannot set off a note of the corporation, indorsed to defendant after the insolvency and the appointment of a temporary receiver.

Action by James T. Hall, as receiver of the James T. Hall Company, against the Holland House Company, for work done for defendant by said James T. Hall Company. Judgment for plaintiff.

Lachman, Morgenthau & Goldsmith, for plaintiff.
Coudert Bros., for defendant.

FITZSIMONS, J. The James T. Hall Company, a foreign corporation, became insolvent; and a temporary receiver of its property was appointed on October 11, 1893, and October 26, 1893, said temporary receiver was duly made permanent receiver. On October 26th a note of James T. Hall Company for $500 was indorsed over to defendant by one Mary J. Van Doren. The note became due October 16th. This action is brought by plaintiff, as permanent receiver, to recover $589.85 and interest for work done by the James T. Hall Company for defendant, and defendant seeks to interpose, as an offset or counterclaim, the note of $500, above mentioned. The question presented is whether the note made by the Hall Company is a proper counterclaim herein.

The defendant's cause of action against plaintiff accrued October 26th. On that day, and since October 11th, the Hall Company was an insolvent corporation. Its property had passed out of its possession. It had no control over or interest in said property until its affairs were duly settled. That property was the property of the creditors of said corporation, and no claim can be made the subject of an offset or counterclaim by defendant against plaintiff's cause of action unless it accrued prior to the insolvency of the Hall Company, which, in this case, occurred at the time of the appointment of a receiver, on October 11th. The fact that the receiver then appointed was a temporary one, in my judgment, does not benefit defendant. The rule of law applicable to this case seems to me to be that defendant's claim against the Hall Company will not be allowed as an offset or counterclaim against its receiver unless said claim accrued prior to its insolvency and appointment of the receiver. Fera v. Wickham, 135 N. Y. 230, 31 N. E. 1028.

---

[1]Affirmed. See 30 N. Y. Supp. 1132, mem.

In view of this ruling, I deem it unnecessary to consider the other points presented by plaintiff's counsel. I disallow the counterclaim, and give plaintiff judgment for the amount claimed, with interest and costs, and 5 per cent. allowance. Ordered accordingly.