Van Brunt, P. J., and Parker, J., concurred.

Order affirmed, with ten dollars costs and disbursements.

---

In the Matter of the Application of Frances M. Peaslee, Respondent, for the Payment of the Legacies Bequeathed to Her under the Will of Martha K. Peaslee, Deceased; Hiram Hitchcock and Another, as Executors, etc., of Martha K. Peaslee, Deceased, Appellants.

*Surrogate's Court — when it has no power to decree an equitable set-off — right of a legatee to the possession of a legacy.*

A Surrogate's Court has no equitable powers which will enable it to enforce the contingent claims of executors, arising out of an equitable set-off, against the absolute right of a legatee to the possession of a legacy bequeathed to her by the will of their testator.

When the time for the payment of a legacy arrives, the legatee is entitled to the payment thereof, and, if a portion of the legacy has been paid to and received by such legatee, she is not compelled to wait for the payment of the remainder until the expiration of the time within which the Code of Civil Procedure prescribes that the legatee has the right to appeal from the decree admitting the will to probate.

Appeal by Hiram Hitchcock and another, as executors, etc., of Martha K. Peaslee, deceased, from a portion of a decree of the Sur-

FIRST DEPARTMENT, NOVEMBER TERM, 1894.          [Vol. 81.

rogate's Court of the county of New York, entered in the office of the clerk of the New York County Surrogate's Court on the 14th day of May, 1894, directing them to pay the petitioner her legacy under the will of the said Martha K. Peaslee.

*T. H. Magrath*, for the appellants.

*W. H. Arnoux*, for the respondent.

VAN BRUNT, P. J.:

It appeared that one Peaslee died in 1876, leaving a will which contained the following clause:

"I give to my daughter Fannie M. Peaslee $20,000 in money, or its equivalent in stocks, as my executor may decide, and $20,000 in trust, the same to revert at her death, if without issue, equally to my wife and my son."

This $20,000 in trust was paid over to the said Fannie M. Peaslee, who lost the same. The persons entitled to this fund, in the event of Fannie M. Peaslee dying without issue, are Edward H. Peaslee, to the extent of $10,000, and Edward H. Peaslee and Hiram Hitchcock, as executors of Martha K. Peaslee to the extent of $10,000. By the will of Martha K. Peaslee a legacy of $30,000 was bequeathed to Fannie M. Peaslee, of which sum $7,000 has been paid, and the order appealed from directed the payment forthwith of the balance of $23,000. After the will of Mrs. Peaslee had been admitted to probate Fannie M. Peaslee made a motion for the revocation of the probate. This motion was heard by the surrogate and denied. Thereupon she appealed to the General Term of this court, and the decree was affirmed on the ground that she, having accepted the payment of $7,000 on account of the legacy bequeathed to her, had estopped herself from contesting the validity of the will.

It is now urged that Fannie M. Peaslee, having accepted from the executors $7,000 on account of the legacy bequeathed to her by the will of Martha K. Peaslee, cannot now assert that the balance shall be paid to her pending the expiration of the time within which the Code of Civil Procedure prescribes that she shall have the right to appeal. The force of this objection we are unable to see. The time for the payment of the legacy has arrived, and she is entitled to its payment. What effect such payment may have upon other

proceedings is a question with which we have nothing to do upon this application.

It is further urged that as to $20,000 of the sum of $23,000 which the surrogate has directed the executors to pay they have a valid right of set-off. We are unaware of any authority on the part of executors to offset contingent claims against absolute legacies. These executors are entitled to nothing unless Fannie M. Peaslee dies without issue. And this contingent claim they seek to offset against her absolute right to her legacy, given by the will of which they are the executors. It seems to us that the Surrogate's Court has no equitable powers which would enable it to enforce the contingent claims of the executors by means of an equitable set-off. The position of the appellants seems to be based upon the claim of an existing right of possession of this money, which clearly does not exist. Therefore, under the rule laid down in *Fera* v. *Wickham* (135 N. Y. 223) the right of set-off did not exist, even if the surrogate had the power to entertain such an application.

The order should be affirmed, with ten dollars costs and disbursements.

O'Brien, J., concurred.

Order affirmed, with ten dollars costs and disbursements.