JACOB F. FRANZEN, as Assignee for the Benefit of Creditors of THE ST. PAUL GERMAN INSURANCE COMPANY, Respondent, *v.* FREDERICK ZIMMER, Appellant.

*Assignment for creditors by a foreign insurance corporation, sustained — presumption that the common law exists in another State — comity — counterclaim by agent against assignee — revocation of agency — when the right of set-off must attach.*

The courts of the State of New York will assume, in the absence of proof to the contrary, that the common law prevails in another State.

An insolvent corporation could, at common law, make a general assignment in trust to an assignee for the benefit of its creditors, and as such an act is not in conflict with the laws of the State of New York, nor against public policy (when

done under the laws of another State), the courts of the State of New York will recognize its validity and, under the rule of comity between the States, will permit a foreign assignee to prosecute within this State such legal proceedings and suits as may be necessary to collect the debts of the corporation and to recover the trust property.

Where it appears that the agent of a foreign insurance corporation has made contracts and issued policies without objection upon the part of the State authorities, the courts of the State of New York will assume that the foreign corporation has complied with the requirements of the laws of this State in regard to its authority to transact business within the State.

Where a person is simply the agent of a foreign insurance company and the company makes a general assignment for the benefit of creditors and the agent has notice of the fact, he cannot, when sued by the assignee for premiums received but not paid over to the assignee, interpose a counterclaim for reinsuring the policyholders for unearned premiums, the amount represented by which he paid to policyholders after the corporation had made the assignment.

An assignment for the benefit of creditors operates as a revocation of the authority of an agent who has been acting as such for the corporation which makes the assignment.

The right of set-off must attach at the time when a general assignment for creditors is made. It cannot arise afterwards, for the reason that the claim in favor of the estate has passed to the assignee, and to allow a set-off would prejudice other creditors.

APPEAL by the defendant, Frederick Zimmer, from a judgment of the Monroe County Court in favor of the plaintiff, entered in the office of the clerk of the county of Monroe on the 17th day of September, 1894, upon the decision of the court reversing a judgment of the Municipal Court of Rochester.

*H. B. Hallock*, for the appellant.

*John M. Murphy*, for the respondent.

DAVY, J.:

The plaintiff, as assignee, etc., of the St. Paul German Insurance Company of St. Paul, Minnesota, brings this action to recover $399 from the defendant, which he, as agent of the assignor, had collected on policies of insurance issued by the company.

It appears from the evidence that in 1891 the defendant was appointed agent of said insurance company, and continued to act in that capacity until April, 1892, when the company made a general assignment to the plaintiff for the benefit of its creditors.

The defendant during the months of December, 1891, and January and February, 1892, issued policies of insurance for said

company to various persons in the vicinity of Rochester, N. Y., amounting to over $100,000, and received $873.51 as premiums on said policies, out of which sum he was entitled to retain twenty per cent for commissions, and a small sum which he had advanced for the company, leaving in his hands at the time of the assignment $399 due the insolvent corporation.

The action was tried in the Municipal Court of the city of Rochester, before a jury, who rendered a verdict for the defendant. An appeal was taken to the County Court, and the judgment of the lower court was reversed.

The learned counsel for the appellant contends that the plaintiff cannot maintain this action, for the reason that there was no proof given upon the trial of the statute law of Minnesota under which the assignment was made, and for that reason alone the jury was justified in finding a verdict for the defendant. He also contends that, even if the action could be maintained, the amounts which the defendant paid out for reinsuring the policyholders for the unexpired terms of their contracts were properly allowed by the court as an offset to the plaintiff's claim.

The defendant, in his answer, admits the incorporation of the insurance company, and that he acted as its agent and issued policies, and received the sum of $873.51 for premiums, and he also admits that he received a notice of the assignment before he canceled the policies and paid for reinsuring the holders thereof. He contends, however, that he had no knowledge or information sufficient to form a belief as to whether the insurance company had made an assignment to the plaintiff, as alleged in the complaint. He also sets up a counterclaim of $800.74 for the unearned premiums, assigned to him by the holders of said policies.

Under the admissions in the answer the plaintiff was only required to show upon the trial that the insolvent corporation had made a general assignment to him for the benefit of its creditors. That was done by the introduction of an exemplified copy of the deed of assignment, duly authenticated, as required by sections 947 and 952 of the Code of Civil Procedure. The plaintiff, not willing to rest his case upon this evidence and the admissions in the answer, called the defendant as a witness, who testified that shortly after he received

notice of the assignment he immediately proceeded to call in all outstanding policies which he had issued for the company, and canceled them, and reinsured the holders thereof in other companies. He took assignments of the claims for unearned premiums, and filed them with the assignee as claims against the insolvent corporation.

We have a right to assume, in the absence of proof to the contrary, that the common law prevails in the State of Minnesota. It has been held that where a party relies upon the fact that some general rule of the common law is in force in another State, he need not give any proof of that fact, for the reason that the court will presume the law of a sister State to be the same as its own law, and to be in its main outlines the common law. (*Holmes* v. *Broughton*, 10 Wend. 75; *Savage* v. *O'Neil*, 44 N. Y. 298.)

Judge PECKHAM, in *Vanderpool* v. *Gorman* (140 N. Y. 568), says: "There can be no doubt that an insolvent corporation could at common law make a general assignment in trust to an assignee for the benefit of its creditors." The learned judge says: "We cannot presume that the common law has been altered in New Jersey * * * without some proof to that effect."

The defendant offered no evidence upon the trial showing that the common-law rule pertaining to voluntary assignments for the benefit of creditors did not prevail in the State of Minnesota.

As the common law permits such an assignment, and as it is not in conflict with any law of this State or against public policy, we must, therefore, recognize its validity.

In the case of *Ockerman et al.* v. *Cross et al.* (54 N. Y. 29) the court held that "a voluntary assignment by a debtor residing in another State or country, valid by the laws of his domicil and not invalidated by any law of this State, operates as an assignment of the debtor's property situate in this State." (*Warner* v. *Jaffray et al.*, 96 N. Y. 248.)

This is not an assignment that comes in conflict with the claims of domestic creditors. It is a question between the assignee and the defendant, who, as agent, has funds in his possession belonging to the assignee, which he refuses to turn over to him, because, as he contends, there is no law authorizing the assignee to maintain this action. I am not aware of any rule of public policy that requires the courts of this State to protect him in his unlawful efforts to retain that which does

not belong to him. The Minnesota assignment vested in the plaintiff all the personal property belonging to the assignor located in this State just as effectually as if it was located in the State of Minnesota, and for the purpose of obtaining possession of it he is entitled, under the rule of comity between the States, to prosecute such legal proceedings and suits as may be necessary to collect the debts and to recover the trust property.

The term comity, as defined in Bouvier's Law Dictionary, is "courtesy; a disposition to accommodate. Courts of justice in one State will, out of comity, enforce the laws of another State, when by such enforcement they will not violate their own laws or inflict an injury on some one of their own citizens."

This rule contributes largely to produce friendly intercourse between the States and individuals. It permits them to sue in each other's courts, and to travel and transact all kinds of business in each other's territory when they are not prevented by some positive law of the State.

Judge DENIO, in *Petersen* v. *Chemical Bank* (32 N. Y. 21), in discussing the rules of comity between the States, says: The title of foreign statutory assignees are recognized and enforced here when they can be without injustice to our own citizens and without prejudice to the rights of creditors, pursuing their remedies here under our statutes; provided, also, that such titles are not in conflict with the laws or public policy of our State.

The learned counsel for the appellant also contends that this action cannot be maintained for the reason that no proof was given upon the trial that the company had a right to transact business in this State.

It appears that the defendant, as agent of the corporation, made contracts and issued policies of insurance without any objection on the part of the State authorities. We must, therefore, assume that the corporation has complied with the requirements of our laws as to its authority to transact business in this State. The defendant, by his own conduct, is estopped from claiming that his acts are illegal. It would be contrary to the rules of equity and justice to permit him to raise that objection for the purpose of shielding himself from his contract obligations.

The appellant's counterclaim, in my judgment, is not available.

His agency was not coupled with any interest. He was in no respect personally obligated to cancel the policies and reinsure the holders thereof for the unexpired terms of the policies. His authority to act as agent ceased when the assignment took effect. He knew when he canceled the policies and paid for reinsuring the holders thereof that the corporation had ceased to exist for the transaction of business. The rule is well settled that the principal, in whose behalf the act is done, must be in existence at the time the act was performed. The assignment, therefore, which was for the benefit of creditors, operated as a revocation of the agency.

In the case of *Fera* v. *Wickham et al.* (135 N. Y. 229) Judge GRAY says : " The right of set-off must attach at the time of the making of the assignment. It cannot arise afterwards, for the reason that the claim in favor of the estate has passed to the assignee, and to allow a set-off would be to the prejudice of other creditors."

The judgment, therefore, of the County Court reversing the judgment of the Municipal Court must be affirmed, with costs against the appellant.

LEWIS, BRADLEY and WARD, JJ., concurred.

Judgment of County Court affirmed, with costs.