GORDON, Appellant, v. STRONG, Respondent. (Supreme Court, Appellate Division, Second Department. October 27, 1896.) Action by William Gordon against William L. Strong, mayor, etc. No opinion. Order affirmed, with $10 costs and disbursements. All concur.

GRAVES et al., Appellants, v. BRADLEY, Respondent. (Supreme Court, Appellate Division, Fourth Department. April, 1896.) Action by Maurice A. Graves and another, as executors, etc., against Christopher C. Bradley. No opinion. Motion to dismiss appeal denied, without costs to either party.

GRAVES et al., Appellants, v. BRADLEY, Respondent. (Supreme Court, Appellate Division, Fourth Department. April, 1896.) Action by Maurice A. Graves and another, as executors, etc., against Christopher C. Bradley. No opinion. So much of the order of the special term as denies the plaintiffs' motion for leave to amend their complaint is reversed, and the order is modified so as to allow the amendment asked for, on condition that, within 20 days from the entry of this order and service of a copy thereof, the plaintiffs serve their amended complaint, and stipulate that the trial of the action proceed before the referee, heretofore appointed, upon the evidence already taken, and such additional proofs as may be offered by either party, and at the same time pay to the defendant's attorney a trial fee of $30; and on the further condition that the defendant be permitted to answer such amended complaint within 20 days after its service, as aforesaid. And, as so modified, the order is affirmed, with $10 costs and disbursements to the respondent. In case of the noncompliance with the above conditions, or any of them, the order appealed from is affirmed, with $10 costs and disbursements to the respondent.

GRIFFITH, Respondent, v. UNITED STATES INDUSTRIAL INS. CO., Appellant. (Supreme Court, Appellate Division, First Department. November 13, 1896.) Action by Sarah Griffith, as administratrix, against the United States Industrial Insurance Company. E. W. S. Johnston, for appellant. T. W. McKnight, for respondent. No opinion. Order affirmed, with $10 costs and disbursements.

GROOF, Respondent, v. BLISS, Appellant. (City Court of New York, General Term. October 30, 1896.) Action by Frederick G. Groof, as general assignee, etc., of Henry W. Benedict and Robert A. Fowler against Clara E. Bliss. Olin, Rives & Montgomery, for appellant. A. R. Bunnell, for respondent.

FITZSIMONS, J. This is an action brought to recover for goods sold and delivered. The defendant's contention upon this appeal is that certain notes which she gave to the plaintiff assignor prior to the assignment to the plaintiffs for the benefit of said assignor's creditors, and which were given to said assignors for their accommodation, should be considered as a payment of the claim in question. The trial justice refused to concur in defendant's view, except as to one of the said notes, and hence this appeal. It appears that all of said notes except the one allowed by the trial justice as a proper subject of counterclaim became due and were paid by the defendant after the assignment. Under such circumstances, it was proper for the trial justice to rule that said notes were not proper counterclaims herein. Defendant, as to such notes, occupied the same position as the other creditors of the plaintiff's assignor. The notes, as before stated, were not due at the time of the making of the assignment, and therefore they constituted no claim upon the estate of the assignor due when the assignment was made (see Fera v. Wickham, 135 N. Y. 223, 31 N. E. 1028), and cannot be presented in this action as a counterclaim. Finding no error herein, the judgment must be affirmed. All concur.

GRUBERT, Appellant, v. CITY OF OSWEGO et al.. Respondents. (Supreme Court, Appellate Division, Fourth Department. October 16, 1896.) Action by Dorah Grubert against the city of Oswego, Martin Golden, as administrator, etc. No opinion. Motion denied, without costs. Decision made by the concurrence of all.

HAAS v. WATSON. (Supreme Court, Appellate Division, First Department. June, 1896.) Action by Louis Haas against Thomas Watson. No opinion. Motion granted, with $10 costs.

HAIGHT et al., Appellants, v. PINE et al., Respondents. (Supreme Court, Appellate Division, Second Department. October 13, 1896.) Action by John B. Haight, as executor, etc., of Underhill L. Purdy, deceased, and others, against Sullivan M. Pine, administrator, etc., of James Pine, deceased, and others. No opinion. Motion to dismiss appeal denied, without costs. See 39 N. Y. Supp. 511.

HALL et al. v. BOSTON. (Supreme Court, Appellate Division, First Department. December 11, 1896.) Action by Henry J. S. Hall and others against Rafala S. Boston. No opinion. Motion granted.

HAND v. SHAW et al. (Supreme Court, Appellate Term, First Department. October 29, 1896.) Action by Elwood S. Hand against William A. Shaw and others. Motion for reargument or for leave to appeal to the court of appeals denied. For decision on appeal, see 41 N. Y. Supp. 16. Chas. De Hart Brower, for the motion. D. J. Newland, opposed.

PER CURIAM. The plaintiff has failed to bring himself within the rule permitting a reargument. Hand v. Rogers, 16 Misc. Rep. 364, 38 N. Y. Supp. 2. The point urged now was not raised at the argument, and comes too late. Besides, it is not of sufficient importance to warrant the application. The motion to dismiss the complaint was made substantially upon one ground, viz. the insufficiency of the evidence to support the cause of action, and, as it was but one motion, required but one ruling by the court; consequently but one exception was needed to review the error, if any, in denying the mo-