(169 App. Div. 462)

## In re BLUESTONE.

### Appeal of PEOPLE'S NAT. BANK OF BROOKLYN.

(Supreme Court, Appellate Division, Second Department. October 8, 1915.)

BANKS AND BANKING  ⬅134—DEPOSITS—CLAIMS—SET-OFF—ASSIGNMENT FOR CREDITORS ;

>Under Debtor and Creditor Law (Consol. Laws, c. 12) § 13, as amended by Laws 1914, c. 360, providing, relative to assignments for the benefit of creditors, that debts may be proved and allowed which are founded upon a contract, express or implied, whether due or not due, and that in allowing claims against the estate, in all cases of mutual debts or credits, the one debt shall be set off against the other, and the balance only allowed, a bank in which an assignor for the benefit of creditors had a deposit could set off against the deposit a note of the assignor, though it was unmatured at the time of the assignment.

>[Ed. Note.—For other cases, see Banks and Banking, Cent. Dig. §§ 353–374; Dec. Dig. ⬅134.]

Appeal from Kings County Court.

In the matter of the application of Seymour Bluestone. From an order requiring the People's National Bank of Brooklyn, N. Y., to pay over to Seymour Bluestone, as assignee for the benefit of creditors of the Grosser Company, a deposit in such bank, the bank appeals. Reversed.

Argued before JENKS, P. J., and CARR, STAPLETON, MILLS, and PUTNAM, JJ.

H. W. Hayward, of New York City, for appellant.
Bryer H. Pendry, of Brooklyn, for respondent.

JENKS, P. J. The bank appeals from an order of the County Court that it pay over to the general assignee for the benefit of creditors of the Grosser Company a deposit with the said bank to the credit of that company. The general assignment was executed on April 19, 1915. At that time this deposit was in the bank. The bank at that time held a promissory note of the said assignor, not due until May 17, 1915. The bank resisted the order upon the ground that it had the right to set off the amount of the said note against the said deposit. This is the sole question of this appeal.

Prior to April 15, 1914, our equitable rule of set-off did not apply, because the demand had not matured at the time of the general assignment, for the reason that after the estate had passed to such an assignee for general distribution the former and natural equity disappeared in the superior equities of the general body of creditors, and if the creditor, who had no right to offset when such general assignment was made, were allowed such right thereafter, he thereby gained a preference. See Fera v. Wickham, 135 N. Y. 223–230, 31 N. E. 1028, 17 L. R. A. 456; Frank v. Mercantile Nat. Bank, 182 N. Y. 264, 74 N. E. 841, 108 Am. St. Rep. 805. But chapter 360 of the Laws of 1914 amended the Debtor and Creditor Law and enacted certain new sections. The new section 13 provides inter alia:

"Debts of the assignor may be proved and allowed against his estate which are: * * * (c) Or founded upon an open account, or upon a contract,

express or implied whether due or not due. In allowing the claims against the estate, in all cases of mutual debts or credits between the estate of the assignor and a creditor the amount shall be stated and one debt shall be set off against the other, and the balance only shall be allowed."

We think that, as under this statute unmatured claims may be proved, they must therefore be subject to the right of set-off as therein provided. The logic of this proposition was pronounced sound by Cullen, C. J., in Frank v. Mercantile Nat. Bank, supra, 182 N. Y. 267, 74 N. E. 841, 108 Am. St. Rep. 805. It seems that the Legislature has seen proper to adopt the rule of the federal courts. See Frank v. Mercantile Nat. Bank, supra. The former rule of set-off as applied prior to April 15, 1914, must yield to the statutory law.

The order of the County Court of Kings County is reversed, with $10 costs and disbursements. All concur.