Company, being his proportion of the cost of maintaining the electric connection to the sprinkler system (provided for in the lease), and sent the defendant Liebmann plaintiff's check for this amount on July 25, 1913. Liebmann deposited the check, and collected it, after the commencement of the action. This act on the part of the plaintiff for the benefit of the defendant Liebmann did not create or evidence any contract, express or implied, between the plaintiff and Liebmann, nor did it estop plaintiff from its right to obtain possession of its property. No grounds were assigned for dismissing the complaint, and no substantial ground for so doing is apparent.

Judgment reversed as to both defendants, and new trial ordered, with costs to appellant to abide the event. All concur.

---

(92 Misc. Rep. 153)

### PAOLI v. EAST RIVER NAT. BANK.

(Supreme Court, Appellate Term, First Department. October 25, 1915.)

1. BANKS AND BANKING ⬳134—LOAN TO DEPOSITOR—MATURITY.
    Where a depositor, obtaining a loan from his bank, delivered to the bank an instrument purporting to set forth his assets and liabilities, and providing that in case of his insolvency, or if any of the representations were false, the claims against him might, at the bank's option, become immediately payable, and that the omission to exercise such option should not waive the right to exercise it, the bank might exercise such option against the depositor's administrator, where it did not discover the depositor's insolvency until after his death.
    [Ed. Note.—For other cases, see Banks and Banking, Cent. Dig. §§ 353–374; Dec. Dig. ⬳134.]

2. BANKS AND BANKING ⬳134—DEPOSITS—LOAN TO DEPOSITOR—FRAUD.
    In such case the notes were due and payable when the credit was obtained, where the borrower made false statements as to his assets.
    [Ed. Note.—For other cases, see Banks and Banking, Cent. Dig. §§ 353–374; Dec. Dig. ⬳134.]

Appeal from City Court of New York, Trial Term.

Action by Concetti Delli Paoli, executrix of and under the last will and testament of Alessandro Delli Paoli, against the East River National Bank. From a judgment on a directed verdict, and from an order denying a motion for a new trial, defendant appeals. Reversed, and new trial ordered.

See, also, 90 Misc. Rep. 645, 154 N. Y. Supp. 192.

Argued October term, 1915, before BIJUR, PAGE, and SHEARN, JJ.

Anderson, Iselin & Anderson, of New York City (Outerbridge Horsey, of New York City, of counsel), for appellant.

Otto A. Samuels, of New York City (Ralph H. Blum, of New York City, of counsel), for respondent.

SHEARN, J. Plaintiff's testator borrowed from the defendant bank $8,000 upon four promissory notes. Two renewal notes, aggregating $1,800 and interest, remained unpaid at his death. When the

loan was obtained, plaintiff's testator executed and delivered to the defendant an instrument purporting to set forth his assets and liabilities, containing this provision:

"In consideration of granting any credit by said bank, the undersigned agree that in case of failure or insolvency on the part of the undersigned, or in the event of it appearing at any time that any of the following representations are untrue, or in case of the occurrence of such change as aforesaid, or of failure to notify such change as above agreed, all or any of the claims or demands against the undersigned held by said bank shall, at the option thereof, immediately become due and payable. Further, that the exercise of or omission to exercise such option in any instance shall not waive or affect any other or subsequent right to exercise the same."

[1] Defendant pleaded as a defense and counterclaim that a change had occurred in the financial condition of plaintiff's testator, and that at the time of his death he was insolvent, by reason of which it claimed the right to offset the amount due upon the notes against the claim of the plaintiff for the balance of the deposit. The proof showed conclusively, not only that plaintiff's testator was insolvent at the time of his death, but that the statement upon the faith of which the defendant bank made the loan was false. The theory of the trial court evidently was, and it is contended on behalf of the respondent, that as the option to have the notes become due and payable immediately was not exercised until after the death of plaintiff's testator, there was no mutuality of debt at the time of his death. The contract was, not that the notes should become due when the option was exercised, but that they should become due immediately upon the happening of the event; i. e., when the plaintiff's testator became insolvent. Not only is this the plain meaning of the agreement, but a different construction would be unreasonable, and would work a manifest injustice. The bank could not exercise its option until it learned of the fact of insolvency. When it exercised the option, the due date of the notes became that provided in the agreement.

[2] Furthermore, the notes were due and payable when the credit was obtained because of the false statement of assets. Neither the contract nor the law justifies holding that they only became due and payable when the fraud was discovered. If plaintiff's testator were alive, he could not recover. Now that he is dead, his estate should not be permitted to recover from the bank the fund on deposit upon the theory which ignores the contract which was the foundation of the credit extended by the defendant bank to plaintiff's testator.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event. All concur.