## FEDERAL TRUST COMPANY

### *v.*

## JOSEPH M. CONKLIN, assignee.

[Submitted July 29th, 1916. Decided August 5th, 1916.]

1. Under the law of New York the bankers' lien upon deposits for money loaned the depositor is recognized.

2. A court of equity in one state may restrain persons within its control from prosecuting suits in another state on a proper occasion.

3. A resident of New Jersey appointed assignee for the benefit of creditors by the courts of New York will not be enjoined by a New Jersey court from prosecuting a claim against a New Jersey corporation in the New York courts.

4. The assignee has a clear right to chose the forum of his action.

5. A further objection to injunctive action in this case is that if the assignee should resign his appointment in New York the injunction would be futile.

On bill, &c.

*Mr. Waldron M. Ward (Messrs. Pitney, Hardin & Skinner,* solicitors), for the complainant.

*Mr. Robert Carey,* for the defendant.

FOSTER, V. C.

The bill in this cause is filed to establish and enforce an equitable set-off, and, incidentally, to restrain defendant from prosecuting an action on an attachment in the supreme court of the State of New York.

The controversy arises out of the following circumstances:

Complainant is a trust company of this state, having its principal place of business in Newark; defendant is a resident of Paterson, in this state, and he also has, and for some years past has, maintained a residence in the city of New York. Defendant is the assignee of one Cesare Conti, a resident of the city of New

York, where he conducted a private banking and mercantile business.

On February 4th, 1914, Conti made a general assignment for the benefit of his creditors under the laws of the State of New York, and defendant was designated therein as his assignee and duly qualified as such, and since the execution of the deed of assignment he has been engaged in administering the assigned estate in accordance with the laws of the State of New York.

For a number of years Conti was a depositor in the trust company, keeping a very active account, and the trust company was the purchaser of his notes from time to time. In connection with the purchase of such notes, Conti executed an agreement with the trust company on February 29th, 1912, in which he agreed that "in case of failure or insolvency of the undersigned, all loans and obligations of the undersigned held by the bank shall become immediately due and payable."

At the time of the execution of the deed of assignment the trust company held two notes made by Conti for $10,000 each, which by their terms had not yet matured; both notes were payable at Conti's place of business in the city of New York, and at this time there was on deposit with the trust company to the credit of Conti's account, $8,767.97.

Upon qualifying as assignee, defendant made demand upon complainant for the payment of this balance to him as Conti's assignee, and this demand was refused, complainant claiming the right to offset and apply this balance on account of Conti's indebtedness to it on the two notes. Thereupon defendant, as assignee, began proceedings by attachment in the supreme court of New York against complainant for the recovery of the amount of this balance; under which proceedings, funds of complainant standing to its credit in a bank in New York City were levied upon, and these funds were subsequently released under bond.

It is now sought to have the defendant, as assignee, permanently restrained from the prosecution of the attachment proceedings in the State of New York, and to compel him to litigate in this court his differences with complainant. This relief is sought on the theory that under the law of New York in force at the date of the assignment, a debtor of the assignor cannot set-

off against his debt an unmatured debt due him from the assignor. *In re Bluestone, 155 N. Y. Supp. 161; Crosby* v. *Bank of Niagara, 154 N. Y. Supp. 883; Frank* v. *Mercantile National Bank, 182 N. Y. 264; Fera* v. *Wickham, 135 N. Y. 223; Paoli* v. *East River National Bank, 155 N. Y. Supp. 245.* And that if it should be held by the New York courts that the agreement made by Conti on February 29th, 1912, did not cause the two notes to mature as a result of his insolvency and assignment, the complainant would be unable to set off Conti's indebtedness due to it on the two notes, in the attachment proceedings instituted by the assignee; while it is claimed that such unmatured indebtedness could be offset in this court, upon equitable principles, even if this court should construe this agreement unfavorably to complainant's contention, that under the terms of the agreement the two notes held by complainant had matured because of Conti's insolvency and assignment.

Complainant contends that it would be unconscionable to permit defendant to prosecute his attachment action in the courts of New York and thereby subject complainant to the risk that it might be held in such proceedings that its notes were unmatured and were therefore not the proper subject of an offset.

Complainant further contends that it has a banker's lien on Conti's deposit, and that this action should be regarded as one to establish and foreclose this lien. Assuming this to be so, the New York cases cited show that such lien, if it exists, will be recognized and protected by the courts of New York as fully as would be done by the courts of this state.

There is no doubt about the power of a court of equity in one state to restrain its citizens, or other persons within the control of its process, from prosecuting suits in other states, if the prosecution of such suits is contrary to equity and good conscience, and to the injury of others. In such cases the court acts *in personam. Margarum* v. *Moon, 63 N. J. Eq. 586,* and cases cited.

In the present case, Mr. Conklin, individually, is not sought to be restrained; it is against him in his capacity as assignee of a New York estate, which he is administering, under the authority of the laws and the control of the courts of that state,

that the injunction is sought. Individually, Mr. Conklin is domiciled in this state; officially, as assignee, his domicile is in New York.

The attachment case pending in the New York supreme court was instituted by him as assignee and not in his individual capacity. As assignee it was his right and duty to resort to the aid of the court to collect the insolvent's estate; and the fact that he chose a court in New York which may entertain a different view of the law regarding complainant's right to set-off against the debt due the assignor the debt owing by the assignor to complainant, from that which it is thought the courts of this state may hold, does not present any grounds for the interference of this court in the matter. Certainly, the defendant has the same right to select the court in which he thinks his contentions and his view of the law will be sustained, that complainant has to select a court in which it thinks it can defeat these contentions, or can obtain the benefit of a different rule of law.

If complainant's agreement with Conti means what complainant claims, and that under its terms the notes of Conti which it holds are matured, and not unmatured obligations, and that therefore they are the proper subject of an offset in the court of New York and of this state, why should it ask this court to interfere on the assumption that the courts of New York will not correctly and justly decide the rights of the parties?

The relief it seeks is, in effect, asking this court to assume that the courts of New York will not properly construe its agreement with Conti, and will unjustly and unlawfully deprive it of its defence in the attachment proceedings.

In *Standard Roller Bearing Co.* v. *Crucible Steel Co., 71 N. J. Eq. 61,* Chancellor Magie said:

"The right of one claiming to be a creditor to pursue his debtor in any court of competent jurisdiction selected by him ought not to be interfered with by an injunction, unless it is made to appear clearly that the alleged creditor is using the process of the courts in an inequitable and unconscionable manner."

In affirming the case of *Title Guarantee and Trust Co.* v. *Trenton Potteries Co., 56 N. J. Eq. 441,* the court of errors and

appeals, by the opinion of Mr. Justice Gummere (now chief-justice), held:

"The respondent, having selected a court of the domicile of the appellant as the forum in which to try the matters in issue between them involved in the suit brought by it, is entitled to have those matters finally determined in that forum, provided the appellant can, in its defence in that suit, show the real agreement between the parties as fully as it would be permitted to do in its suit brought here for the reformation of the written contract."

It has not been suggested in this case, and it does not appear, that complainant cannot, in defendant's attachment suit in New York, show in its defence the real agreement between itself and the assignor, Conti, in relation to the maturity of the notes held by it.

In the case of *Bigelow* v. *Old Dominion Copper, &c., Co., 74 N. J. Eq. 457*, Chancellor Pitney, after an exhaustive review of the authorities (at *p. 473*), held that—

"Equity will not interfere with the right of any person to bring an action for the redress of grievances—the right preservative of all rights—except for grave reasons, and on grounds of comity, the power of one state to interfere with a litigant who is in due course pursuing his rights and remedies in the courts of another state ought to be sparingly exercised. The courts of New Jersey ought not to assume, directly or by indirection, any appellate jurisdiction over the courts of Massachusetts, nor proceed in giving judgment here upon the idea that the courts of that commonwealth are in the least degree incompetent or unwilling to do full and complete justice in all cases that are fairly within their jurisdiction."

Another reason suggested for denying complainant the relief sought is, that this court should not issue an injunction which it has not the power to enforce.

As has been shown, jurisdiction over Mr. Conklin, personally, is obtained merely as an incident to his residence in Paterson, in this state. His failure to prosecute the attachment case, or to otherwise collect and administer the estate assigned to him, would doubtless result in his removal as assignee; and his resig-

nation or removal from his position as assignee would render the restraining order of this court a nullity. It would not be operative or enforceable against his successor or assignee unless such successor happened to be a resident of this state—a most unlikely possibility, in view of the fact that the courts of New York in appointing a substituted assignee would not, without some special reason required it, select a non-resident of that state for such position.

My conclusion is that the case does not show that defendant is acting unconscionably in prosecuting the attachment proceedings in New York, or that complainant cannot have the full benefit of its defence in such proceedings; and that complainant has in no way shown that it is entitled to have this court assume jurisdiction over the matters in controversy and to have defendant enjoined from prosecuting his action thereon in the courts of New York.

A decree will be advised that the bill be dismissed, with costs.