ABRAHAM GOLDEN and Another, Appellants, *v.* D. R. PASKIE & Co., INC., Respondent.

First Department, June 1, 1923.

**Sales — action to recover balance due on goods sold and delivered — answer sets up counterclaim based on alleged conversion by plaintiffs' assignor of skins furnished to it for manufacture into coats — complaint was dismissed on ground that plaintiffs' assignor was indebted to defendant in excess of plaintiffs' claim — counterclaim cannot be sustained on proof of sale of skins to plaintiffs' assignor — indebtedness from plaintiffs' assignor to defendant was not due at time of assignment of claim to plaintiffs and cannot be used as setoff.**

In an action to recover the balance due for goods sold and delivered by plaintiffs' assignor to defendant, the answer set up a counterclaim based on the breach of an agreement whereby the defendant delivered to plaintiffs' assignor certain fur skins to be manufactured into coats and it is alleged that the plaintiffs' assignor converted a large number of the skins. The complaint was dismissed at the close of plaintiffs' case on the ground that it appeared through cross-examination of plaintiffs' witnesses, that the plaintiffs' assignor was indebted to the defendant in a sum greater than that claim.

*Held,* that recovery cannot be had on the counterclaim, which was based on a conversion, upon proof that the defendant sold the skins to the plaintiffs' assignor at an agreed price and accepted in payment an allowance for coats delivered and two trade acceptances, for the proof of sale is entirely inconsistent with the theory of the counterclaim that the plaintiffs' assignor had converted the skins to its own use.

Furthermore, the amount of the two acceptances was not available as a counterclaim or setoff against the plaintiffs, even if they had been properly pleaded, since the acceptances did not mature until some time after the assignment to the plaintiffs and notification thereof given to the defendant.

APPEAL by the plaintiffs, Abraham Golden and another, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of New York on

the 24th day of April, 1922, upon the dismissal of the complaint by direction of the court at the close of the plaintiffs' case, and also from an order entered in said clerk's office on the 10th day of May, 1922, denying plaintiffs' motion for a new trial made upon the minutes.

*H. H. Nordlinger* [*David Haar* and *Samuel H. Hofstadter* with him on the brief], for the appellants.

*I. Gainsburg* [*Joseph Force Crater* with him on the brief], for the respondent.

DOWLING, J.:

This action was brought to recover the sum of $3,515, balance due for goods sold and delivered between September 10 and November 9, 1921, by plaintiffs' assignor (Faultless Fur Manufacturing Company, Inc.) to defendant; said goods being of the agreed price of $5,515, as to which defendant was alleged in the complaint to be entitled to a credit of $2,000 for merchandise delivered by it to said assignor.

The answer, while admitting that plaintiffs' assignor manufactured and delivered certain garments to defendant, denied the rest of the allegations of the complaint.

In addition, the answer sets up a counterclaim for $6,650, based on the breach of an agreement whereby defendant on or about September 16, 1921, delivered to the Faultless Fur Manufacturing Co., Inc., 2,510 Hudson seal fur skins to be manufactured into ladies' coats at the price of $175 for coats thirty-six inches in length and $190 for coats forty inches in length, less the aggregate sum of the value of the skins consumed in said coats at the price of $2.50 per skin. It is alleged that the Faultless Company made up and delivered to defendant fifteen coats which consumed about 600 skins, and neglected and refused to deliver to defendant the balance of either said coats or the said 1,910 skins, but sold and disposed of the same; that the reasonable value of the 1,910 skins is the sum of $3.50 per skin, amounting to the sum of $6,685.

The answer further sets up, by way of partial defense, that between August 27 and September 12, 1921, the Faultless Company sold and delivered to defendant six fur coats, amounting in value to $1,303.50, for which on September 13, 1921, defendant made its trade acceptance in the sum of $1,303, payable December 26, 1921, which was duly paid when due, and that thereby six coats were paid for, which are part of the merchandise sued for by plaintiffs.

Judgment was demanded in favor of defendant for $6,650, less any amount plaintiffs might be entitled to recover.

Upon the trial plaintiffs made out a *prima facie* case for the recovery of the amount claimed by them. But at the close of their case the complaint was dismissed upon the ground that it appeared from the cross-examination of plaintiffs' witnesses that their assignor was indebted to defendant in a sum in excess of any amount which plaintiffs were entitled to recover.

The judgment entered herein was one simply dismissing the complaint, and it granted defendant no relief under its counterclaim.

The apparent ground for the dismissal of the complaint was that plaintiffs' assignor was indebted to defendant in the amount of two trade acceptances aggregating $4,902.50, which was an amount in excess of plaintiffs' claim.

The testimony upon which this contention was sought to be based was all elicited by cross-examination of plaintiffs' witnesses, formed no part of plaintiffs' case, was presumably offered in support of defendant's counterclaim, and the conclusions drawn therefrom by defendant were not conceded or admitted by the witnesses, but were disputed by them. At best a question of fact was raised which called for determination by the jury.

But the objection to the dismissal lies still deeper. In the first place, as a matter of procedure, the testimony relied on by defendant does not support any defense or counterclaim set up in the answer. The counterclaim is based on a practical conversion of the unused skins belonging to defendant and intrusted to the Faultless Company to be made up into coats. The allegation of the counterclaim is that the Faultless Company " neglected and refused to make up and manufacture the remaining 1,910 skins, and sold and disposed of the same." It is further alleged:

" *Eighth.* That the defendant duly demanded from the Faultless Fur Manufacturing Co., Inc., the delivery of the balance of the said coats to be made up and manufactured out of said fur skins in accordance with the aforesaid agreement, and also duly demanded the delivery and return to it of the aforesaid 1,910 fur skins if the same had not been manufactured by the said Faultless Fur Manufacturing Co., Inc., but the said Faultless Fur Manufacturing Co., Inc., neglected and refused to deliver to the defendant the balance of either said coats or the said 1,910 fur skins, and breached and repudiated the said agreement."

Even accepting the testimony on cross-examination at its full value and as being uncontradicted (which is not the case), such a pleading is not supported by proof that defendant had sold to the Faultless Company the total of 2,510 skins (including of course the 1,910 skins in question) at an agreed price of $6,902.50, whereof $2,000 was paid by an allowance for coats to be delivered (and

in fact delivered) and the balance of $4,902.50 was paid by two trade acceptances given to defendant by the Faultless Company. This proof of a sale of the 1910 skins to the Faultless Company was entirely inconsistent with the theory of the counterclaim that the company had converted the skins to its own use.

Furthermore, upon the proof herein, the amount of these two acceptances was not available as a counterclaim against plaintiffs, even if properly pleaded. The assignment of the cause of action herein to plaintiffs was made on November 10, 1921, and defendant received notice thereof in November, 1921. The acceptances did not mature until some time in December, 1921. Upon the plaintiffs' testimony they were taken in full payment of the balance due on the account between the Faultless Company and defendant. As the amount thereof was not due by the Faultless Company to defendant and they did not mature until December, 1921, they could furnish no basis for a counterclaim against plaintiffs' cause of action which was assigned to them by the Faultless Company November 10, 1921. (Civ. Prac. Act, § 267; *Michigan Savings Bank* v. *Millar*, 110 App. Div. 670; affd., 186 N. Y. 606.)

The judgment and order appealed from should, therefore, be reversed, and a new trial ordered, with costs to appellants to abide the event.

CLARKE, P. J., SMITH, FINCH and McAVOY, JJ., concur.

Judgment and order reversed and new trial ordered, with costs to appellants to abide the event.