ALBERT I. COLLENS, Appellant, *v.* PHILIPSBORN'S, INC., Respondent.

First Department, June 6, 1924.

Pleadings — counterclaim — action on assigned claim for goods sold — contract between plaintiff's assignor and defendant provided for extra discount if sales to defendant reached stated amount — discount was to be allowed at end of year — claim sued on in this action was assigned prior to date for allowing discount — discount does not constitute counterclaim under Civil Practice Act, § 267.

Where the seller of goods agrees to give the buyer an extra discount in case the purchases by the buyer during the year reach a certain amount, the discount to be determined and allowed at the end of the year, the buyer cannot interpose the amount of the discount as a counterclaim in an action brought by the assignee of the seller to recover the purchase price of goods, where it appears that the assignment was executed prior to the time when the discount was to become due. The discount does not constitute a counterclaim under section 267 of the Civil Practice Act, since it was not in existence at the time of the assignment.

APPEAL by the plaintiff, Albert I. Collens, from so much of a judgment of the Supreme Court, entered in the office of the clerk of the county of New York on the 6th day of June, 1923, upon the verdict of a jury rendered by direction of the court as allows

the counterclaim of the defendant, and also from an order entered in said clerk's office on the 8th day of June, 1923, denying the plaintiff's motion for a new trial made upon the minutes.

*David M. Palley,* for the appellant.

*Hill, Lockwood & Redfield* [*M. A. Willment* of counsel], for the respondent.

DOWLING, J.:

The facts in this case are not in dispute. They are as follows:

Anderson Brothers, Manufacturers of Silk Waists, Inc. (hereinafter called the Corporation), were engaged in the manufacture of waists and dresses. On May 27, 1922, the Corporation sent the following letter to defendant:

" PHILIPSBORN'S, INC.,
     " 501 S. Paulina St.,
          " Chicago, Ill.:

" Attention Mr. H. F. Philipsborn

" DEAR SIR.— This is to confirm our verbal agreement with you, whereby we agree to allow an extra 2% on our account with you, should the net volume reach $30,000 for the year 1922 — should the volume reach $45,000 net we agree to allow you an extra 3% — should the volume reach $65,000 net, we agree to allow you an extra 4% — should the volume reach $90,000 net or over we agree to allow you an extra 5%, settlement to be made December 15, 1922, after comparison of statements.

" It is further agreed we will put forth our best efforts in designing for your exclusive use clever styles for your catalog and we will put in extra effort in using a standard quality of materials and high grade workmanship and supervision.

                    " Yours very truly,
                              "ANDERSON BROTHERS
                                   SILK WAIST, INC.
                    " Per (signed) CHAS. W. ANDERSON,
"Accepted by (signed) H. PHILIPSBORN                    *President.*
     " for Philipsborn's, Inc.,
          "*3rd V. P.*"

Between September 9 and September 19. 1922, defendant made purchases amounting to $2,578.25. On September fifteenth, eighteenth and twentieth the Corporation, for a valuable consideration, assigned its claims on these purchases to I. Blumberg & Co. and notice thereof was given defendant and received by it on September seventeenth, nineteenth and twenty-first. On September 21, 1922, an involuntary petition in bankruptcy was filed

against the Corporation in the United States District Court for the Southern District of New York, and a receiver was appointed, and on November ninth the Corporation was adjudicated a bankrupt. Blumberg & Co. assigned the claims in question to plaintiff on December 7, 1922.

The total amount of merchandise purchased by defendant from the Corporation under the written contract above set forth down to and including September 19, 1922, was $42,501.33.

It is stipulated that no offer to compare statements as to the volume of business done between the defendant and the Corporation for the year 1922 was made by either the defendant or the plaintiff, his assignor or the Corporation, except that on the 22d day of December, 1922, the defendant sent the following statement and letter to the Corporation, which letter and statement were received by the receiver of the Corporation.

(Philipsborn's Letter Head)
" CHICAGO, *Dec.* 22, 1922.

" ANDERSON BROS.,
      " 469 Broome St.,
            " New York City, N. Y.:

" GENTLEMEN.— As per our Special Discount Agreement with you, we are enclosing our charge No. 2380 amounting to $850.03, representing 2% on $42,501.33, which will be deducted from our next remittance to you.

" Kindly advise if this is in accordance with your records.
            " Yours very truly,
                  " PHILIPSBORN'S, INC.,
                        " (signed) L. H. RORK
" W. S. GW                              *General Auditor.*"

                  " STATEMENT
                  (Philipsborn's Bill Head)
" Please credit our account as follows and oblige,
                        " PHILIPSBORN'S, INC.

Credit is
      requested No. Quan.          Article          Amount
" As per Special Discount agreement
            " Total Pchses          $42501.33
                  " 2%                              $850.03."

The question involved on this appeal is whether the defendant is entitled to assert as a counterclaim against the plaintiff this sum of $850.03.

It is to be noted that under the written agreement of the parties settlement for the extra discounts therein provided was to be made

" December 15, 1922, after comparison of statements." This comparison of statements never took place.

The plaintiff as the assignee of I. Blumberg & Co. took such right as I. Blumberg & Co. had and the counterclaim of $850.03 cannot be set off in an action by the plaintiff as assignee of I. Blumberg & Co. because at the time of the assignments to I. Blumberg & Co. on September 15, 18 and 20, 1922, of the claims for goods sold and delivered, the counterclaim had not matured against the original assignor, Anderson Bros., since that discount was not due until December 15, 1922.

The Civil Practice Act provides:

" § 267. Rules respecting the allowance of counterclaims. The counterclaim, specified in subdivision second of the last section, is subject to the following rules:

" 1. If the action is founded upon a contract which has been assigned by the party thereto, other than a negotiable promissory note or bill of exchange, a demand existing against the party thereto or an assignee of the contract at the time of the assignment thereof, and belonging to the defendant, in good faith, before notice of the assignment, must be allowed as a counterclaim to the amount of the plaintiff's demand, if it might have been so allowed against the party, or the assignee, while the contract belonged to him."

In the case of *Myers* v. *Davis* (22 N. Y. 489), Denio, J., said (at p. 493): " But if, before the demand of the party claiming the set-off becomes mature, the opposite claim has been assigned, whether the assignment carries the legal or only an equitable title, the right of set-off no longer exists." The headnote of this case, summarizing the opinion of the court, says: " Until a demand becomes mature, a set-off may be defeated by the assignment of the claim of the opposite party, though the latter be insolvent."

In *Michigan Savings Bank* v. *Millar* (110 App. Div. 670; affd., without opinion, 186 N. Y. 606) McLaughlin, J., says (at p. 672): " The plaintiff acquired its claim by assignment on the 11th of April, 1904. The note which defendants sought to offset against such claim did not fall due until the twenty-eighth of that month, and, therefore, on the day when the assignment was made it was not a claim then ' existing,' inasmuch as it could not then have been enforced. The words of the Code,* ' subject to any defence or counterclaim existing against the transferor,' have reference to the time when the claim or demand is assigned or transferred. If the note had then been due and could then have been enforced, the defendants could have offset the same, even though they did not

---

* See Code Civ. Proc. § 1909; now Pers. Prop. Law, § 41, subd. 3.— [Rep.

own it at that time but had acquired it subsequently and before notice of the assignment was given. The words ' before notice of the transfer ' do not mean that a claim may be offset if it were acquired after the assignment and before notice of it, unless such claim were due at the time of the assignment or transfer. (*Fera* v. *Wickham*, 135 N. Y. 223; *Martin* v. *Kunzmuller*, 37 id. 396; *Hamilton* v. *Piza*, 6 App. Div. 598.) "

In *Golden* v. *Paskie & Co., Inc.* (205 App. Div. 610, 613) this court said: " The assignment of the cause of action herein to plaintiffs was made on November 10, 1921, and defendant received notice thereof in November, 1921. The acceptances did not mature until some time in December, 1921. Upon the plaintiffs' testimony they were taken in full payment of the balance due on the account between the Faultless Company and defendant. As the amount thereof was not due by the Faultless Company to defendant and they did not mature until December, 1921, they could furnish no basis for a counterclaim against plaintiffs' cause of action which was assigned to them by the Faultless Company November 10, 1921. (Civ. Prac. Act, § 267; *Michigan Savings Bank* v. *Millar*, 110 App. Div. 670; affd., 186 N. Y. 606.)

In the case under consideration defendant had no right to the deduction of any extra discount on any payment made by it prior to December 15, 1922. The conduct of the parties itself demonstrated that, though the sales made to defendant by the Corporation under the contract prior to September 9, 1922, amounted to more than $30,000, defendant had never deducted the extra discount of two per cent on sales made after the minimum of $30,000 had been reached, entitling it to that discount. Both parties evidently realized that the discount could be claimed, became a credit, and was payable only on December fifteenth. No counterclaim, therefore, existed in favor of defendant against the Corporation when the latter assigned its claims against defendant in suit herein to plaintiff's assignor on September fifteenth, eighteenth and twentieth.

The direction of a verdict in favor of defendant upon its counterclaim was, therefore, improper, and the judgment appealed from should, therefore, be modified by dismissing the counterclaim and by granting plaintiff's motion for a verdict for the full amount claimed, $1,892.37, with interest, said judgment also providing for the allowance of costs and disbursements to plaintiff; and as so modified affirmed, with costs to appellant.

CLARKE, P. J., FINCH, McAVOY and MARTIN, JJ., concur.

Judgment modified as directed in opinion, and judgment as so modified and the order appealed from affirmed, with costs.