FREDERICK E. LINDEMANN, Plaintiff, Appellant, *v.* GLOBE INDEMNITY COMPANY, Defendant, Respondent.

Supreme Court, Appellate Term, First Department, June 24, 1924.

Pleadings — counterclaim — failure of counterclaim to allege that assignment of cause of action from plaintiff's assignor to defendant was made before notice of assignment of plaintiff's cause of action — counterclaim invalid under Civil Practice Act, § 267, subd. 1.

In an action for damages suffered by reason of the attachment of plaintiff's assignor's bank account a counterclaim arising from a breach of contract by plaintiff's assignor and subsequently assigned to the defendant is invalid under subdivision 1 of section 267 of the Civil Practice Act in the absence of an allegation that the assignment of the earlier cause of action was made before notice was given of the assignment to the plaintiff.

APPEAL by plaintiff from an order of the Municipal Court of the city of New York, borough of Manhattan, first district, opening defendant's default in answering and vacating the judgment.

*Kamen & Ostertag (Sol S. Osteriag,* of counsel), for the appellant.

*Nathaniel Seaman,* for the respondent.

*Per Curiam.* Defendant having defaulted in the service of an answer through apparent inadvertence, moved to open its default, which was denied without opinion or memorandum. Two days later another motion was made before the same judge upon somewhat different papers for the same relief. This motion was granted.

The complaint is upon an assigned claim against the defendant, a bonding company, for damages sustained by the attachment of plaintiff's assignor's bank account under a warrant of attachment which was subsequently vacated. The answer denies only the validity of the assignment and the amount of plaintiff's assignor's damage, and then sets up as a counterclaim a cause of action arising through breach of contract by plaintiff's assignor which cause of action was assigned by the plaintiff in the original action to this

defendant. It is not alleged that the assignment of this latter cause of action was made before notice of the assignment of plaintiff's cause of action; consequently it does not constitute a valid counterclaim under section 267, subdivision 1, of the Civil Practice Act.

Order opening defendant's default is, therefore, reversed, with ten dollars costs, and judgment reinstated.

All concur; present, BIJUR, MULLAN and LEVY, JJ.

Order reversed; judgment reinstated.