STAFFORD SECURITY CO., INC., Respondent, *v.* GEORGE KREMER, Appellant, Impleaded with WILLIAM KREMER and Others, Defendants.*

First Department, May 8, 1931.

* Revg. 138 Misc. 783. See, also, 139 Misc. 156.

*Joseph Lotterman* of counsel [*Alexander Pfeiffer* with him on the brief; *Pfeiffer & Crames*, attorneys], for the appellant.

*Henry Waldman* of counsel [*Joseph G. Abramson*, attorney], for the respondent.

O'MALLEY, J.   The petitioner, landlord, Stafford Security Co., Inc., on February 10, 1930, took by assignment a lease of premises 9 East Forty-fifth street, New York city.   The lease was made on March 1, 1927, between George Kremer and the Correll Real Estate Corporation, but was subject to a prior lease of the second, third and fourth floors of the same building, made by Kremer to other tenants on or about the same date.

The proceeding here instituted was predicated upon a default in the payment by the lessees in the installment of rent falling due March 1, 1930, under such sublease, in the sum of $3,500.   In bringing this proceeding, petitioner included Kremer as a party, upon the ground that he claimed possession as assignee of said sublease.

The answer of Kremer admitted that he, and not the other tenants named in the petition, was in possession under the sublease.   He claimed by assignment and admitted possession of the premises from April 20, 1927, from which time he admitted that he had been paying rent to the plaintiff's assignor.   He admitted default in the payment of the installment which fell due on March 1, 1930, and that said sum was due and unpaid.   None of the other tenants appeared or answered, and Kremer will hereinafter be referred to as Kremer or as tenant-appellant.

Kremer interposed six defenses. Of these only the first three need be considered, as the others are not sought to be upheld upon this appeal and have evidently been abandoned. The first and second defenses are urged as counterclaims, the amounts of which are sought to be set off to the extent of the petitioner's claim herein. The third defense is predicated upon an agreement between Kremer and petitioner's assignor, Correll Real Estate Corporation, to the effect that he at any time, and from time to time, might credit and offset any and all sums due and owing to him from said assignor against any sums that might become due from him to said corporation or its assigns by virtue of the lease under which default here is claimed. He then pleads an election to set off, and an actual credit, of the rent in question against the sums due and owing to him from the Correll Real Estate Corporation and alleges that by reason thereof the rent claimed due, $3,500, has been paid and satisfied. This third defense is in effect a right by specific agreement to set off by way of counterclaim the amount sought to be set off as such in the first and second defenses and counterclaims.

As a first defense and setoff the answer alleges that prior to the commencement of the proceeding, Kremer was and still is the owner of premises known as 1249–1251 Sixth avenue, New York city, which, prior to the commencement of this proceeding, the landlord-respondent's assignor had leased from him and of which it had taken possession. There is set forth the terms of this lease, showing rentals to be paid by such assignor, and its agreement to pay the taxes within thirty days after the same become due and payable, in default of which such taxes were to be deemed due and payable and collectible as rent. It further pleads that two payments of rent, each in the sum of $1,083.33, became due February 1, 1930, and March 1, 1930, respectively, no part of which has been paid; and that under the covenant relating to the payment of taxes, Kremer was compelled to pay the further sum of $1,532.20, representing the amount of taxes and interest, the aggregate sum of $3,698.86. Out of such aggregate sum Kremer offered to set off to the landlord-respondent so much as would be sufficient to satisfy the latter's claim, if any.

The second defense, also pleaded by way of setoff, sets forth a similar state of facts with respect to other properties, located at 5 East Forty-seventh street, New York city, with but this difference — that the landlord therein was the L. A. K. Realty Corporation which had obtained title by a deed from one Louise A. Kremer, with whom the landlord-respondent's assignor had entered into a lease. It is alleged that on February 1, 1930, and at the time of the assignment to the landlord-respondent by the Correll Real Estate

Corporation, the latter owed the L. A. K. Realty Corporation the sum of $9,193.65, which, prior to the commencement of this proceeding, the L. A. K. Realty Corporation, for valuable consideration, had duly assigned to Kremer. A like offer of setoff as is contained in the first defense is made. The facts set up in these three defenses were either admitted or proved upon the trial.

While this is a summary proceeding to remove the tenant of real property, the latter is permitted to allege any new matter constituting a legal or equitable defense or counterclaim, which may be set up and established in like manner as though the claim for rent in such proceeding was the subject of an action. (Civ. Prac. Act, § 1425, as amd. by Laws of 1924, chap. 514.) The broad question presented is whether a defendant in an action brought by an assignee of a contract or demand arising under such contract maturing *after* assignment, may counterclaim to the extent of plaintiff-assignee's claim demands on other contracts existing against the assignor *before* the assignment and acquired in good faith before notice of such assignment.

The right of a defendant to interpose a cross claim was originally unknown to the common law. By statute such right was given at first in a restricted way. Later statutes in England and in this country have gradually broadened the right; and equity has enlarged upon it, applying it to situations in which it did not exist at law. But the remedy, both at law and equity, was essentially equitable. (24 R. C. L. 799 *et seq.*)

In the case before us the right at common law known as recoupment does not lie. Such a right existed only where defendant's cross claim arose out of the same contract or transaction as the one sued upon. (*Seibert* v. *Dunn*, 216 N. Y. 237, 240.) Here, defendant's cross claim arises out of other contracts and other transactions.

Nor is this a situation calling for the granting of a right of an equitable setoff. There are found here no " peculiar equities," in the absence of which such remedy does not lie. (*Burns* v. *Lopez*, 256 N. Y. 123.)

Moreover, setoff at law was formerly allowed only where the claims were mutual, that is, the cross claims had matured at the time of the assignment. (24 R. C. L. 840 *et seq.; Patterson* v. *Patterson*, 59 N. Y. 574; *Jordan* v. *National Shoe & Leather Bank*, 74 id. 467.) Here, the landlord-respondent's claim had not matured at the time it took the lease by assignment.

At the present time " statutes prescribe and define the fabric and regulate the exercise of a counterclaim." (*Seibert* v. *Dunn*, *supra*.) As stated in the cited case (p. 241): " The counterclaim

created by our statutes embraces, at law exclusively, and *is broader and more comprehensive* than recoupment and setoff." (Italics ours.)

It is upon this principle that the tenant-appellant relies. He maintains that he has a right to counterclaim to the extent of the landlord-respondent's claim under the facts presented by virtue of section 266, subdivision 2, and section 267, subdivision 1, of the Civil Practice Act, which, so far as material, provide:

" § 266. A counterclaim * * * must be one of the following causes of action against the plaintiff * * *:

" 2. In an action on contract, any other cause of action on contract existing at the commencement of the action."

" § 267. The counterclaim, specified in subdivision second of the last section, is subject to the following rules:

" 1. If the action is founded upon a contract which has been assigned by the party thereto * * * a demand existing against the party thereto or an assignee of the contract at the time of the assignment thereof, and belonging to the defendant, in good faith, before notice of the assignment, must be allowed as a counterclaim to the amount of the plaintiff's demand, if it might have been so allowed against the party, or the assignee, while the contract belonged to him."

We agree with the tenant-appellant's construction of the statutes. The landlord-respondent's proceeding is founded upon a contract which has been assigned by a party thereto, while the tenant-appellant's cross claim is a demand existing against the party to the contract (the assignor) at the time of the assignment, and belonging to him in good faith before notice of the assignment. The tenant-appellant's situation falls directly, it would seem, within the language of the sections, which is mandatory. Certain it is that such language does not specifically prohibit the counterclaim here sought to be interposed.

Inasmuch as the right of counterclaim is broader than recoupment or setoff at common law, it must prevail, even though the tenant-appellant could not, irrespective of the particular statutes relied upon, have pleaded recoupment or setoff at law or in equity.

It was evidently the intention of the Legislature that an assignee of a contract, when suing at law on a demand arising under it, should, so far as counterclaims are concerned, be in no better position than the assignor himself, had he retained the contract and himself brought the action. As in the case of recoupment, the assignee of the claim was held to take with knowledge that he would be subjected to any cross claims existing against his assignor at the

time of the assignment and arising out of the same contract or transaction; so, in the case of setoff, a like rule now applies.

The landlord-respondent urges that from a clause contained in section 267, subdivision 1, of the Civil Practice Act, it must clearly be inferred that at the time of the assignment, mutual demands must exist. This is predicated upon the words, " if it might have been so allowed against the party, or the assignee, while the contract belonged to him." It is urged that under the circumstances here disclosed there could be no *counterclaim* before the assignment, and against the assignor, since the assignor then had no matured claim against the tenant-appellant.

We are of opinion that this is a misconstruction of the language relied upon. The meaning of the clause quoted is merely that the counterclaim urged must have been a matured claim or demand before the assignment, so that it could have been made the basis of an independent action against the assignor before such assignment. This intent becomes more evident when consideration is given to such decisions, and the authorities cited therein, as *Collens* v. *Philipsborn's, Inc.* (209 App. Div. 483) and *Golden* v. *Paskie & Co., Inc.* (205 id. 610, 613).

Here the counterclaims interposed were matured and might have been the bases of separate and original actions against the assignor before the assignment by the latter to the landlord-respondent. Under the latter's contention the use of similar language in subdivision 2 of section 267 of the Civil Practice Act would be redundant, since that subdivision by its very terms expressly applies to plaintiff's claim as being matured and the proper basis for an action before its assignment to the plaintiff.

The doctrines of setoff and recoupment are " remedial in character and the rules creating and regulating them entitled to a construction fairly liberal." (*Seibert* v. *Dunn, supra,* 245.) In view of our more liberal practice with respect to parties who may be joined originally and those who may be brought in, the construction now given to the statutes under consideration will diminish circuity of litigation and multiplicity of suits, one of the basic grounds for permitting a counterclaim.

Since the tenant-appellant's cross demands exceeded in amount the landlord's claim for unpaid rent, the latter is extinguished and the landlord-respondent may not prevail in the proceedings. This excludes the claim in the first setoff for rent due March 1, 1930, which is not provable under the reasoning of this opinion as it was not matured at the time the assignment to the respondent was made, February 10, 1930. (*Collens* v. *Philipsborn's, Inc., supra; Golden* v. *Paskie & Co., Inc., supra.*)

Under this view it becomes unnecessary to consider the merits, if any, of the third alleged defense interposed by the tenant-appellant, also stricken out by the trial justice. What rights, if any, the landlord-respondent may have against its assignor in the circumstances in this proceeding, or in an action, we are not called upon to decide.

It follows, therefore, that the determination of the Appellate Term should be reversed and the petition dismissed, with costs to the appellant in all courts.

FINCH, P. J., MERRELL, McAVOY and SHERMAN, JJ., concur.

Determination reversed and the petition dismissed, with costs to the appellant in all courts.