MAURICE BLOG, Appellant, *v.* BURDEN & Co., INC., Respondent.*

Second Department, June 9, 1933.

*B. F. Lerch*, for the appellant.

*Howard A. Rochford*, for the respondent.

CARSWELL, J. The defendant corporation (hereinafter called Burden) made a contract on January 5, 1929, with I. I. and A. M. Reisman (hereinafter called Reisman) to operate a shoe department in Burden's department store from January 5, 1929, to January 5, 1932. Reisman guaranteed to Burden a minimum return of $4,500 each year in connection with an agreement to pay to Burden ten per cent of gross sales. Settlements were to be had semi-monthly.

The 1931 gross sales did not produce the minimum guaranteed by Reisman. On December 16, 1931, they were $26,999.76 less

*Affg. 145 Misc. 343.

than the guaranteed amount. The gross sales from December 16, 1931, to December 31, 1931, were $1,412.18, of which $141.22 was due Burden. There were certain other undisputed credits to Burden for disbursements which further reduced the net amount due to Reisman from Burden for that fifteen-day period to $890.47. On December 31, ˙1931, the deficit on the 1931 guaranty was $2,558.75. Under the contract that amount was not payable until fifteen days after December 31, 1931. Burden also had $1,000 deposited under the contract by Reisman as security.

The department was discontinued by Reisman on January 3, 1932. The sales for the period from January 1, 1932, to January 5, 1932, the end of the contract period, were $34.25, against which Burden had a credit of $3.42.

It is undisputed that on January 2, 1932, as well as on any day subsequent to December 31, 1931, credits had accrued in Burden's favor substantially in excess of the item of $890.47 which had accrued in favor of Reisman for the last fifteen days of December, 1931. Nevertheless, on January 2, 1932, the Reismans assigned to the plaintiff, Blog, their claim against Burden for the item of $890.47. Notice of the assignment was sent by Blog to the defendant, Burden, on January 4, 1932. It was received on January 5, 1932. Obviously this assignment was to prevent Burden from offsetting against that item the deficit accruing under the self-same contract to Burden from Reisman of $2,558.75, which latter amount, while ascertainable on December 31, 1931, was not payable until January 15, 1932.

Blog sued Burden on this assigned claim in the Municipal Court. Burden pleaded as a separate defense the contract and the experience thereunder, showing that there was a setoff against the plaintiff's claim of $890.47 which exceeded it and which arose under the same contract. It alleged that nothing was due from the defendant to the Reismans when plaintiff got his assignment on January 2, 1932, or on January 8, 1932, when the action was commenced.

Upon the foregoing facts, the trial justice dismissed what he called the counterclaim, being the matter invoked by way of setoff, and gave plaintiff judgment for the amount demanded, with interest. Burden appealed to the Appellate Term and there had a reversal and dismissal of the complaint. Plaintiff has by permission appealed to this court and seeks a reversal and a reinstatement of his judgment.

Plaintiff asserts that the cause of action upon which defendant relied by way of setoff matured after the notice of assignment was given to Burden by plaintiff on January 5, 1932, and, therefore, it is not available as a counterclaim or setoff to the plaintiff's

claim. He invokes section 267 of the Civil Practice Act and cases *decided thereunder.* That section and the cases invoked are inapposite. The pertinent statute is subdivision 1 of section 266 of the Civil Practice Act. The section invoked by plaintiff (§ 267) sets out rules respecting the allowance of counterclaims, but by its introductory provision limits their application to those " specified in subdivision second of the last section " (§ 266). Those rules do not apply to counterclaims specified in subdivision 1 of section 266.

Section 266 reads:

" § 266. Counterclaim defined. A counterclaim, except as otherwise provided by statute, must tend to diminish or defeat the plaintiff's recovery, and must be one of the following causes of action against the plaintiff, or, in a proper case, against the person whom he represents, and in favor of the defendant, or of one or more defendants, between whom and the plaintiff or the plaintiff and another person or persons alleged to be liable a separate judgment may be had in the action:

" 1. *A cause of action arising out of the contract or transaction set forth in the complaint as the foundation of the plaintiff's claim or connected with the subject of the action;*

" 2. In an action on contract, any other cause of action on contract existing at the commencement of the action."

Plainly, the limitation on the availability of a counterclaim, contained in subdivision 1 of section 267 of the Civil Practice Act, that the cause of action invoked shall be in existence before notice of the assignment of the claim, is inapplicable. That limitation or rule does not apply to a counterclaim or setoff arising out of the contract which is the foundation of plaintiff's claim.

The statutory provisions with respect to counterclaims are the measure of regulation applicable to recoupment or setoff. (*Deeves & Son* v. *Manhattan Life Ins. Co.*, 195 N. Y. 324; *Wilder* v. *Boynton*, 63 Barb. 547.) That which is invoked by the defendant at bar could have been invoked at common law by way of recoupment or setoff. (*Seibert* v. *Dunn*, 216 N. Y. 237, 245.)

The statutes respecting counterclaims supersede the common law respecting recoupment and setoff and were designed to enlarge the remedy, not diminish it. Therefore, the statutes applicable may not be so narrowly construed as to prevent a defendant's invoking that which would have been available to it at common law.

It was held under predecessor sections containing the language now in sections 266 and 267 of the Civil Practice Act, that a counterclaim arising out of the contract sued on in the complaint was not required to be in existence at the time of the commencement of the

action in order to be available to a defendant. (*Andron* v. *Funk*, 194 App. Div. 258; *Caspary* v. *Hatch*, 157 id. 679, 682.) The same view must now obtain. The cases invoked by the plaintiff arising under section 267 of the Civil Practice Act, which in turn is confined in its application to subdivision 2 of section 266, have no application to the situation herein, which is controlled by subdivision 1 of section 266 of the Civil Practice Act.

A further contention of plaintiff is based on subdivision 3 of section 41 of the Personal Property Law. He points out that it provides that, where a claim has been transferred, it is only subject to a defense or counterclaim existing against the transferrer before notice of the transfer or against the transferee. He argues, therefore, that the matter invoked as a setoff was not available to the defendant under this statute. He fails, however, to quote the final sentence in subdivision 3, which reads: " But this section does not apply, where the rights or liabilities of a party to a claim or demand, which is transferred, *are regulated by special provision of law;* nor does it vary the rights or liabilities of a party to a negotiable instrument, which is transferred."

The language invoked by plaintiff is not available to him, because " the rights or liabilities * * * are regulated by special provision of law." That special provision is subdivision 1 of section 266 of the Civil Practice Act. It specifically makes available to a defendant, without any time limitation, a counterclaim based on matter arising out of the contract sued on in the complaint. This view of subdivision 3 of section 41 of the Personal Property Law, making it applicable only to counterclaims arising out of contracts which come within subdivision 2 of section 266 of the Civil Practice Act and section 267 of the Civil Practice Act, effects consistency between these several statutes. Subdivision 3 of section 41 of the Personal Property Law was formerly section 1909 of the Code of Civil Procedure. There is no case which gives it the effect asserted for it by plaintiff. On the contrary, *Faulknor* v. *Swart* (55 Hun, 261) construes it contrary to plaintiff's views.

Accordingly, defendant properly availed itself of the matter invoked by way of setoff against plaintiff's claim and properly pleaded it as a defense of payment under the general issue.

The order of the Appellate Term should be affirmed, with costs.

Lazansky, P. J., Young, Hagarty and Davis, JJ., concur.

Order of Appellate Term reversing judgment of the Municipal Court and dismissing complaint unanimously affirmed, with costs.