JAMES TALCOTT, INC., Plaintiff, *v.* BETTY WEISS, Trading under the Name and Style of LOUIS WEISS SONS, Defendant, and Others.

City Court of New York, New York County, January 12, 1934.

*Hyman Fisch*, for the plaintiff.

*S. John Block*, for defendant Betty Weiss.

NOONAN, J. The plaintiff, a commercial factor, sues the defendant Weiss on certain assigned claims. Two causes of action are stated in the amended complaint, in the first of which, as assignee of Greenhill & Daniel, Inc., and in the second of which, as assignee of Steuben Knitting Company, Inc., the plaintiff claims that certain bills of merchandise were sold and delivered by his respective assignors to the defendant, and, less certain credits given, remain unpaid. Each cause of action contains a schedule of the items of merchandise sold, in the forms of bills annexed to the complaint. In the first cause of action the merchandise sold is embraced in four bills designated as items Nos. 1, 2, 3 and 4-A, item No. 4 being a credit memorandum. The dates of these sales and their respective assignments to the plaintiff are May 27, 1933, June 10, 1933, and June 12,

1933. In the second cause of action the merchandise sold is also comprised in five bills designated as items Nos. 5, 6, 7, 8 and 9, items Nos. 10 and 11 being credit memoranda. The dates of these sales and of their respective assignments to the plaintiff are May 13, 1933, May 16, 1933, May 21, 1933, and May 22, 1933. All of the merchandise alleged to be sold and delivered consisted of bathing suits.

Although the answer contains specific denials of certain allegations of the complaint, it admits the sales and deliveries of the merchandise sued upon and the dates and prices stated in the bills. In addition to two partial defenses, the answer contains two set-offs. For a first set-off, the defendant pleads that on May 26, 1933, Greenhill· & Daniel, Inc., the plaintiff's assignor, made an agreement with the defendant, a copy of which is annexed to the answer, to sell and deliver to her one hundred and fifty dozen ladies' bathing suits at the agreed price of sixteen dollars and fifty cents per dozen and fifty dozen misses' bathing suits at the agreed price of eleven dollars and fifty cents per dozen. It is further alleged in this set-off that, although a demand was made for the delivery of these bathing suits on June 26, 1933, a reasonable time to complete delivery has elapsed, and that nothing was delivered under the agreement, except fifty dozen ladies' bathing suits, the purchase price of which is included in the first cause of action alleged in the amended complaint. For failure to complete the delivery, the defendant claims damages in excess of the plaintiff's claim.

The bills of merchandise sued upon by the plaintiff, designated as items 1 and part of 4-A, are seemingly based on deliveries made under this contract alleged in the first set-off. In the second set-off the defendant alleges that on May 13, 1933, Steuben Knitting Company, Inc., the plaintiff's assignor, made a contract with the defendant, a copy of which is annexed to the answer, for the sale and delivery to her of one hundred and seventy-eight dozen bathing suits of different styles at certain agreed prices, and that, although a demand was made for delivery at various times during the months of May and June, 1933, a reasonable time has elapsed for the delivery of the bathing suits agreed upon, and that the plaintiff's assignor failed to deliver twenty-eight dozen of certain specified styles. For failure to make delivery as agreed the defendant claims damages. The bills of merchandise sued upon by the plaintiff and designated as items Nos. 5, 6, 7 and 8 are based on deliveries made under this contract pleaded in the second set-off.

Here we have a state of the pleadings where certain items of the set-offs arise out of the same contracts which are the foundations of the plaintiff's claims. As to items 1, part of 4-A, 5, 6, 7 and 8

of the plaintiff's causes of action, the set-offs are properly pleaded, although the set-offs did not mature until after the assignments to the plaintiff and notice thereof to the defendant.

Section 266 cf the Civil Practice Act provides that a counterclaim must tend to diminish or defeat the plaintiff's recovery and must be one of the following causes of action: " 1. A cause of action arising out of the contract or transaction set forth in the complaint as the foundation of the plaintiff's claim or connected with the subject of the action; 2. In an action on contract, any other cause of action on contract existing at the commencement of the action."

Section 267, subdivision 1, says that, in an action on contract which has been assigned by the party thereto, " a demand existing against the party thereto  *  *  *  at the time of the assignment thereof, and belonging to the defendant, in good faith, before notice of the assignment, must be allowed as a counterclaim to the amount of the plaintiff's demand, if it might have been so allowed against the party,  *  *  *  while the contract belonged to him."

Under this section the counterclaim, to be valid against an assignee to the extent of his demand, must belong to the defendant in good faith and must be in existence at the time of the assignment and before notice thereof, and must be of such a character that it could be enforced against the assignor before the assignment.

Section 267 provides by its own language that subdivision 2 of section 266 is alone subject to its provisions. In other words, its provisions do not apply to subdivision 1 of section 266 of the Civil Practice Act.

In *Blog* v. *Burden & Co., Inc.* (238 App. Div. 634, 636) the court said: " The section invoked by plaintiff [§ 267] sets out rules respecting the allowance of counterclaims, but by its introductory provision limits their application to those ' specified in subdivision second of the last section ' [section 266]. Those rules do not apply to counterclaims specified in subdivision 1 of section 266."

It has been held that the limitation or rule provided in section 267 is not applicable to a counterclaim or set-off arising out of the contract which is the foundation of the plaintiff's claim. (*Seibert* v. *Dunn*, 216 N. Y. 237; *Keon* v. *Saxton & Co.*, 257 id. 412; *Blog* v. *Burden & Co., supra.*)

These cases also hold that it is immaterial whether the counterclaim asserted under subdivision 1 of section 266 matured prior to the assignment of the plaintiff's claim and notice thereof or subsequent to the assignment and notice of it.

The set-offs pleaded also claim damages for the failure of the plaintiff's assignors to make delivery under certain independent

contracts within a reasonable time after the time of a demand alleged to have been made. Where no time limit for delivery is specified in the contract of sale, the common law as well as the statutory law provides that the goods must be delivered within a reasonable time. (Pers. Prop. Law, § 124; *Trainor Co.* v. *Amsinck & Co., Inc.*, 236 N. Y. 392; *Neverfail Lighter Co., Inc.*, v. *Blum*, 201 App. Div. 153.) This reasonable time expired after the plaintiff became the assignee of the claims sued upon. This is apparent from a comparison of the dates of the sales and the assignments thereof upon which the plaintiff's causes of action are based with the dates of the alleged breach of the contracts pleaded in the set-offs. Since the offsets pleaded with respect to items 1, part of 4-A, and 5, 6, 7 and 8 arise out of the contracts on which the plaintiff's claims are founded, they are proper counterclaims, and must be allowed to remain. As to the set-offs pleaded with respect to the other items of the plaintiff's claims, namely, items 2, 3, part of 4-A, and item 9, since they are based on independent contracts, they come within subdivision 2 of section 266 of the Civil Practice Act. These set-offs were not in existence at the time of the assignments made to the plaintiff and before notice thereof was given to the defendant. They had not matured at those periods of time, and, therefore, could not be asserted against the plaintiff's assignors. Consequently they come within the provisions of section 267, subdivision 1, of the Civil Practice Act, and for that reason they must be stricken out. (*Martin* v. *Kunzmuller*, 37 N. Y. 396; *Newcomb* v. *Almy*, 96 id. 308; *Lawrence* v. *Congregational Church*, 164 id. 115; *Michigan Savings Bank* v. *Millar*, 110 App. Div. 670; affd., 186 N. Y. 606; *Golden* v. *Paskie & Co., Inc.*, 205 App. Div. 610; *Collens* v. *Philipsborn's, Inc.*, 209 id. 483; affd., 239 N. Y. 611.)

Furthermore, with respect to items 2, 3, part of 4-A, and 9 of the plaintiff's causes of action, there are no allegations in either of the set-offs pleaded that the right to a set-off matured prior to the assignment and belonged to the defendant prior to the notice of the said assignments. (*Lindemann* v. *Globe Indemnity Co.*, 123 Misc. 530; *Neander* v. *Tillman*, 232 App. Div. 189.)

The motion is, therefore, disposed of as follows: The set-offs are allowed to remain with respect to items 1, part of 4-A, and 5, 6, 7 and 8, and are otherwise stricken out. The disposition of this motion would have been less difficult if the plaintiff had pleaded a separate cause of action with respect to each bill of merchandise sued upon. Settle order on notice.