BANCO PORTUGUES DO ATLANTICO, Respondent, *v.* FONDA MANUFACTURING CORPORATION, Appellant.

First Department, December 12, 1968.

*Arthur L. Diamond* of counsel (*Hale, Brady, Russell & Tarpey,* attorneys), for appellant.

*Milton I. Newman* of counsel (*Baar, Bennett & Fullen,* attorneys), for respondent.

McNally, J.  In this action based on instruments for the payment of money, defendant appeals from the judgment entered on the order granting summary judgment to plaintiff under CPLR 3213.

Manuel Sampaio Morais of Portugal sold cotton yarn hosiery to defendant, a New York corporation.  The memorandum of sale, dated March 1, 1966, provides for shipments during 1966 and for payment by " 45 days Sight Draft from receipt of shipment in Fonda, New York."

Morais indorsed and delivered to plaintiff 4 drafts drawn on defendant, 1 dated June 21, 1966, and 3 dated July 1, 1966.  Each is payable 45 days from receipt or arrival of the goods in Fonda, New York.  On and between June 23, 1966 and July 2, 1966, plaintiff paid to Morais 707,102.30 Portuguese escudos, equivalent to $24,596.91, the aggregate of the face amount of the 4 drafts.  Thereupon Morais delivered the drafts to plaintiff.  Plaintiff thereafter indorsed and delivered them for collection to Sterling National Bank & Trust Company and Swiss Bank Corporation.  The draft dated June 21, 1966 was accepted by defendant on June 30, 1966 and bears the notation " due 9/12/66 ".  The 3 drafts dated July 1, 1966, respectively accepted July 16, August 10 and August 25, bear the notations " due 9/2/66 ", " Due Sept. 22, 1966 " and " Due October 9, 1966 ".  The drafts were duly presented and payment refused.

The sole relevant opposing affidavit as to the transaction between Morais and defendant is by defendant's secretary.  It alleges in part: " Fonda is unable to ascertain from its records the exact date of receipt of the yarn covered by the drafts herein.  These facts are exclusively within plaintiff's knowledge."  Said allegation raises no issue as to the date of receipt

because it is a matter of which defendant has knowledge and with reference to which it could not honestly deny knowledge. (*Kirschbaum* v. *Eschmann,* 205 N. Y. 127, 132; *Dahlstrom* v. *Gemunder,* 198 N. Y. 449, 454.) Defendant's denial limited to the " date " of receipt together with defendant's vague, unsubstantiated assertions as to defective quality and short weight serve, however, to substantially acknowledge receipt of the yarn covered by the drafts.

Fonda's affidavit also alleges nonpayment by Morais of an allowance under an agreement with him made August 10, 1966. Said agreement provides for a credit of $7,000 to be deducted from the draft in the sum of $28,915.07 in payment of invoice bearing No. 447E. Each of the drafts involved bears an invoice number other than 447E and the 4 drafts in the aggregate are less than the amount of the draft out of which payment is provided under the agreement of August 10, 1966. Defendant does not dispute that plaintiff acquired the drafts on and prior to July 2, 1966. On August 10, 1966, the date of said agreement, defendant accepted one of the drafts involved. Thereafter, on August 25, 1966, defendant accepted the last of the drafts. Defendant has failed to show that the $7,000 credit matured prior to the transfer of the drafts to plaintiff or since. Its affidavit simply states: " Fonda has never received this $7,000.00 allowance and it is submitted that this $7,000.00 should be. deducted from any amount which may be found to be owed by defendant in this matter."

Section 13-105 of the General Obligations Law provides that a transferred claim or demand is " subject to any defense or counter-claim, existing against the transferrer, before notice of the transfer ". Defendant has wholly failed to establish the existence of any claim against Morais prior to the transfer of the drafts here involved to plaintiff. (*Michigan Sav. Bank* v. *Millar,* 110 App. Div. 670, 672, affd. 186 N. Y. 606; *Golden* v. *Paskie & Co.,* 205 App. Div. 610, 613; *Universal C. I. T. Credit Corp.* v. *Greyhound Rent-A-Car,* 39 Misc 2d 163, 166.)

Fonda's opposing affidavit also adverts to a claim for nondelivery of which it gave notice to Morais' representative by letter dated September 14, 1966. The claim is not factually substantiated. Moreover, it did not arise prior to the transfer of the drafts to plaintiff.

That plaintiff, as argued by defendant, may not be the holder of a negotiable instrument, is immaterial. Plaintiff as the assignee of a chose in action is not subject to defenses and counterclaims against Morais which arose subsequent to the assign-

ment of the drafts to plaintiff. Defendant has failed to establish a genuine triable issue. (*Koegel* v. *Birnbaum*, 27 A D 2d 653, affd. 19 N Y 2d 896; *Leumi Fin. Corp.* v. *Richter*, 24 A D 2d 855, affd. 17 N Y 2d 166; *Business Capital Corp.* v. *Premier Albums*, 29 A D 2d 522; *Berger* v. *Milberg*, 28 A D 2d 978.)

Although we find it unnecessary to decide whether plaintiff is a holder in due course, it would appear that defendant's contention that plaintiff is not such a holder because the drafts are not payable at a definite time is without substance. The drafts were accepted by defendant and presumptively the 45 days run from the dates of acceptance. Defendant was not required to accept the drafts prior to the receipt of the goods. In fact, defendant does not claim it did not receive the goods prior to acceptance of the drafts. The memorandum of sale dated March 1, 1966 provides: " Payment: 45 Days Sight Draft from receipt of shipment in Fonda, New York." Said provision imports the requirement of receipt of the shipment prior to acceptance of the draft. Defendant has failed to show that the shipments were not received prior to the acceptances.

The record does not support the assertion in the dissent that the due dates " were inscribed on the drafts long after the appellant's acceptance." This belated claim first appears in the reply brief of defendant. Moreover, it is immaterial when the due dates were inserted, as the date of payment clearly appears without the alleged insertions.

Accordingly, the order and judgment should be affirmed, with costs.

McGIVERN, J. (dissenting). The plaintiff bank seeks recovery on these drafts on the assumption it is a holder in due course of negotiable instruments and that the issues raised by the defendant are not available to it on this motion for summary judgment. But the drafts are not negotiable instruments according to the Uniform Commercial Code. On their face they are payable at " forty-five days from receipt of goods in Fonda, New York ", or " at forty-five days sight from receipt of goods in Fonda, New York ", or " at forty-five days after arrival of goods in Fonda, New York " or " forty-five days after arrival of merchandise in Fonda, New York." And subdivision (1) of section 3-104 of the code states: " Any writing to be a negotiable instrument within this Article must  *  *  *  (c) be payable on demand or at a definite time; and (d) be payable to order or to bearer ". The drafts before us are neither. Indeed, the code further says in subdivision (2) of section 3-109: " An instrument which by its terms is otherwise payable only upon an act or event

uncertain as to time of occurrence is not payable at a definite time even though the act or event has occurred.''

Moreover, on the papers seeking summary judgment there is no proof by the moving party that all the goods for which payment is sought ever did arrive at Fonda, New York. Nor is there any proof that 45 days elapsed before the drafts were presented for payment. But there is an affidavit by an officer of the defendant corporation that differences arose concerning the quality of certain shipments, that the merchant vendor '' breached the contract by failing to deliver the full amount of the yarn '' and there is an unchallenged copy of a letter from defendant complaining about '' non-delivery in accordance with the shipment schedule in the yarn purchase agreement '', and the statement '' We have been forced to obtain the yarn at other sources at considerable increase in price.'' Whether these defenses are really meritorious and will ultimately prevail is not before us. But since the drafts here involved were not negotiable instruments there are defenses against the merchant vendor, which preclude the granting of summary judgment to the plaintiff bank. There is also a sharp question of fact as to when and by whom the fixed due dates were inserted. It is even declared, and the record indicates, they were inscribed on the drafts long after the appellant's acceptance. The subsequent unauthorized insertion of fixed due dates cannot change the tenor of the drafts or make them negotiable. Such insertion is, in any event, a material alteration (Uniform Commercial Code, § 3-407, subd. [1], par. [c]) which raises the issues of fraud and discharge. (Uniform Commercial Code, § 3-407, subd. [2], par. [a]; *Oltarsh* v. *Turf Broadway*, 12 Misc 2d 984 and cases cited therein.)

Under the circumstances disclosed on the record below, summary judgment is insupportable. (*Bakerian* v. *Horn*, 21 A D 2d 714; *Millerton Agway Co-op.* v. *Briarcliff Farms*, 17 N Y 2d 57, 61, 64; *Gravenhorst* v. *Zimmerman*, 236 N. Y. 22, 38–39; *Sillman* v. *Twentieth Century-Fox*, 3 N Y 2d 395, 404; *Unadilla Nat. Bank* v. *McQueer*, 27 A D 2d 778.)

I would reverse and deny the motion.

Steuer, J. P., and Capozzoli, J., concur with McNally, J.; McGivern, J., dissents in opinion.

Order and judgment, entered May 28, 1968, and June 5, 1968, respectively, affirmed, with $50 costs and disbursements to **respondent.**